STATE, *ex rel.* CHARLES H. CRIM v. J. H. JUVENAL, as Chairman, *et al.*, as Members of the Board of County Commissioners of Broward County.

(No. B.)

159 So. 663.
Opinion Filed February 25, 1935.

488

C. H. Crim, for Relator;

Rogers & Morris and E. B. Griffis, for Respondents.

DAVIS, J.—In this mandamus proceeding relator has predicated his right to maintain the writ upon an allegation that as a resident, citizen and taxpayer of Broward County, Florida, he is entitled to test the constitutionaliy of Chapter 15739, Acts of 1931, and Chapter 15972, Acts of 1933, which Acts regulate the compensation to be paid to the Clerk of the Circuit Court, Sheriff, Tax Collector, Tax Assessor, County Judge, County Superintendent of Public Instruction and members of the Board of County Commis-

sioners of counties having a population of not less than 19,000 and not more than 22,000 according to the last Federal census.

The command of the writ is addressed to the respondents, who constitute the Board of County Commissioners of Broward County, Florida, which county is alleged to be the only county in the State falling within the population limits of not less than 19,000 and not more than 22,000. Its effect is to require the respondents, as County Commissioners as aforesaid, to refrain from disbursing any salaries to county officers under Chapter 15739, Acts of 1931, or Chapter 15972, Acts of 1933, and to recognize and abide by Chapter 11954, Acts of 1927, which is asserted to be the only applicable valid Act that can or does govern the subject of compensation to the county officers of Broward County.

Even if Chapters 15739, Acts of 1931, and 15972, Acts of 1933, attacked by the writ as unconstitutional are each violative of Section 20, of Article III of the State Constitution as claimed by relator, it is indispensable to relator's right to maintain such an attack by proceeding in mandamus, that he exhibit some special or particular right in himself other than such as attaches to him in his status as a resident citizen and taxpayer of the county wherein he alleges that the county officials are being paid less compensation than the applicable law, Chapter 11954, Acts of 1927, would allow them to receive.

To maintain the right to the extraordinary writ of mandamus the relator must show not only a duty on the part of the respondent, but also that the relator has a clear legal right to the performance of that duty. Davis v. Crawford, 95 Fla. 438, 116 Sou. Rep. 41.

The courts have no power *per se* to inquire into the va-

lidity of public laws by proceedings brought directly for that purpose by one whose rights are not shown to be affected by the operation of such laws. State, *ex rel.* Johnson v. City of Sarasota, 92 Fla. 563, 109 Sou. Rep. 473; State, *ex rel.* Atlantic Coast Line R. Co. v. Board of Equalizers, 84 Fla. 592, 94 Sou. Rep. 681; State v. Phillips, 70 Fla. 340, 70 Sou. Rep. 367; Scalley v. Meminger, 64 Fla. 464, 60 Sou. Rep. 180, 12 Corpus Juris, 783. The courts have no substantive power to nullify duly authenticated legislative enactments. Douglas v. Webber, 99 Fla. 755, 128 Sou. Rep. 613.

Courts have the power to declare laws unconstitutional only as a matter of imperative and unavoidable necessity when called upon to enforce or protect some right secured under pre-existing law which a challenged unconstitutional statute stands in obstruction to, and where disregard of the unconstitutional statute is necessary to effectuate the paramount law represented in a justiciable right secured by the Constitution. It is not the province of the judiciary to act as a general conservator of the Constitution as a restraint upon the powers or abuses of other branches of the government, even in cases where the Constitution appears to have been flagrantly violated. This is true because the judicial power extends only to an enforcement of the Constitution when its protection is properly invoked in a judicial manner before a competent tribunal by one entitled to claim the benefit of the Constitution's provisions as against some threatened wrong about to be done in disregard of organic inhibition or mandate.

In the present case relator sues to enforce no right peculiar to himself. To the Attorney General of the State is committed the authority to institute proceedings to call in question in the interest of the general public any ques-

tionable performance of official duty on the part of State or county officers alleged to be acting under statutes that are either inapplicable or unconstitutional.

The instant case is not a proceeding brought by one of the affected officers whose compensation has been put in controversy as having been unconstitutionally legislated against by the challenging statutes. Relator sues in the proceeding solely and only as a resident citizen and tax-payer, in which status we hold that he is without legal right to judicially question Acts of the Legislature that affect him no different from that general class made up of the entire citizenry who may be residents and taxpayers of Broward County, or of the State of Florida, or both.

The demurrer to the alternative writ of mandamus is sustained and final judgment will be entered on such demurrer in favor of respondents' costs to be taxed against relator.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

BROWN, J. (concurring).—In addition to what is said above, it appears that the statute attacked does not increase taxes, but tends to reduce them. So the relator-taxpayer does not show that he would be injured or incur any damage by reason of the Act which he attacks.