RAE STEELE and W. S. WEAVER as Clerk of the Circuit Court of
 Bay County, Florida v. A. E. FREEL and B. H. FREEL.

25 So. (2nd) 501                                        January Term, 1946
April 2, 1946                                                  En Banc

*J. M. & H. P. Sapp,* for appellants.

*Cecil A. Rountree* and *Mabry, Reaves, Carlton, Anderson & Fields,* for appellees.

*Treadwell & Treadwell* and *E. D. Treadwell, Jr.,* as amicus curiae.

BUFORD, J.:

The record before us shows that on January 8th 1944 A. E. Freel and B. H. Freel owned not less than an undivided one-half interest in all oil, gas and mineral in and under certain described lands in Bay County, Florida, with the right of entry and occupancy to operate and remove the same, the deed conveying such oil, gas and mineral rights to A. E. Freel and B. H. Freel have been dated January 8th 1944, and having been duly recorded in the public records in the Clerk's Office in Bay County, Florida.

That certain tax sale certificates numbered, 3, 4, 6, 8, 9, 18 and 32 were issued on August 1st 1927 by the Tax Collector of Bay County, Florida, embracing the lands, the oil, gas and mineral rights in which were thereafter acquired by A. E. Freel and B. H. Freel.

That these certificates were afterwards sold and assigned by the Clerk of the Circuit Court to Rae Steele under the provisions of Chapter 18296, Acts of 1937, commonly known as the Murphy Act. That on or about June 1st 1945 while Rae Steele was the owner and holder of the tax certificates he filed them in the office of the Clerk of the Circuit Court in Bay County, Florida, and made application for a tax deed to be issued on said tax sale certificates.

Thereupon the Clerk of the Circuit Court advertised the lands covered by said certificates for sale, the sale to be held on July 2nd, 1945. After the lands were so advertised by the Clerk and before the sale A. E. Freel and B. H. Freel tendered to the Clerk of the Circuit Court and offered to pay the

amount necessary to pay the taxes, interest and costs evidenced by said certificates, or to redeem said lands from sale under the said certificates and deposited the sum of $1443.98, the full amount due on said tax sale certificates, and the cost incident thereto and made application to the Clerk of the Circuit Court for duplicates of said certificates to be issued to them in accordance with the provisions of Chapter 22784, Acts of 1945, but the said Clerk refused to accept the said money for said purposes and refused to issue to the plaintiffs such duplicate certificates.

Thereafter, on June 30, 1945, A. E. Freel and B. H. Freel filed their suit in the Circuit Court of Bay County, Florida, against W. S. Weaver as Clerk of the Circuit Court of Bay County, Florida, and Rae Steele to restrain the issuance of a tax deed under the tax sale certificates above referred to and to mandatorily require the cancellation of the original certificates and the issuance of duplicate certificates as required by Section 14 of Chapter 22784, Acts of 1945.

The bill also prayed for such other and further relief as plaintiffs might appear to be entitled to.

Motion was filed by the defendants to dismiss the bill of complaint after the entry of a temporary restraining order.

When the matter came on for hearing the Court entered the following decree:

"The above stated cause came on to be heard at Panama City on August 27, 1945, upon motion to dismiss the Bill of Complaint and was argued by counsel for the respective parties. At the beginning of the argument counsel for the respective parties agreed that the only question before the Court or necessary to be passed upon in order to finally dispose of the cause, was the constitutionality of Chapter 22,784 Laws of Florida, Acts of 1945. Upon due consideration the Court now ORDERS, ADJUDGES AND DECREES as follows:

"1. That said Chapter 22,784 is constitutional and valid as to the parties and questions involved in this cause and that it is the duty of the Clerk of this Court to observe and perform the requirements of said Statute.

2. The language of Section 5 of the Bill of Complaint leaves the Court in doubt whether the Clerk now has the sum of $1443.98, the amount due on the Tax Sale Certificates described in the Bill of Complaint, including interest and costs, to-wit: Certificates number 3, 4, 6, 8, 9, 18 and 32, issued on the 1st day of August 1927 by the Tax Collector of Bay County, Florida, or whether the Clerk returned said amount to the Plaintiffs. If said sum is in the Clerk's hands, or if not upon the re-deposit of said amount with the Clerk by the Plaintiffs, the said Clerk is hereby directed and ordered to pay to the Defendant, Rae Steele, the amount due and payable upon said Certificates for the redemption thereof and cancel said certificates and issue and deliver to the Plaintiffs duplicate Certificates as required by said Chapter 22,784.

"3. The Temporary injunction heretofore issued in said cause is hereby made permanent."—From this Decree appeal is taken.

So it appears that the only question considered by the court below, and which question is now before us, is whether or not Chapter 22,784, Acts of 1945, is unconstitutional in any respect which affects the rights of the defendants in the court below, the appellants here.

The question otherwise stated is, were the existing rights or prerogatives of either Rae Steele or the Clerk of the Circuit Court so adversely affected by the provisions of Chapter 22784, supra, as to give them, or either of them, a status which would warrant them, or either of them, in interposing a challenge to the constitutionality of the legislative act. This is true because the rule is well established that for one to assert the invalidity of a statute he must show that in some way his rights are being invaded thereby. See 16 C.J.S. 161, 11 Am. Jur. 784—752, Land v. State, 77 Fla. 202, 81 So. 159 and cases there cited; Hillsborough investment Co. et al. v. Wilcox et al., 152 Fla. 889, 13 So. (2nd) 448 and cases there cited; State ex rel. Johnson v. City of Sarasota, 92 Fla. 563, 109 So. 473; State ex rel. Gore v. Chillingworth 126 Fla. 645, 171 So. 649.

The above cited cases also establish the rule that one who is not himself denied some constitutional right or privilege

cannot be heard to raise constitutional questions on behalf of some other person who may at some future time be affected.

It also appears to be well settled in this jurisdiction that a ministerial officer may not question the constitutionality of a legislative Act without showing that he will be injured in person, property or rights by its enforcement. See State ex rel A.C.L. R.R. Co. v. State Board of Equalization 84 Fla. 592, 94 So. 681; State ex rel. Howarth v. Jordan 105 Fla. 322, 140 So. 908; White v. Crandon et al., 116 Fla. 162, 156 So. 303 and cases there cited; State ex rel. Crim v. Juvenal 118 Fla. 487, 159 So. 663; State ex rel. Ship Canal Authority etc. v. Lancaster as Clerk, 125 Fla. 564, 170 So. 126. The latter case cited is particularly analagous to the case here under consideration. The right and authority of a ministerial officer to challenge an Act providing for disbursement of public funds is an exception to the above cited rule. See State ex rel. O. J. Harrell et al v. Fred P. Cone, et al., 130 Fla. 158, 177 So. 854. In that case many exceptions to the above stated rule were adverted to and discussed but the interest of the Clerk in the instant case does not fall within any of the exceptions mentioned; however it does come squarely within the purview of the opinion and judgment in the case of State ex rel. Ship Canal Authority of the State of Florida v. Lancaster as Clerk. In the Lancaster case there was involved the provisions of Chapter 17022, Acts of 1935, and, amongst other things, the act in effect required the Clerk to redeem and cancel certain tax certificates upon "payment to the Circuit Court Clerk, or clerks concerned, of the amount due the State of Florida thereon for State taxes (including omitted years, if any) and interest thereon as provided by general law." While in the present case the action required of the Clerk is to receive from the owner a certain interests in lands the amounts necessary to redeem the outstanding tax sale certificates to cancel such certificates and issue to the party or parties claiming such interest in the lands duplicate certificates.

The Freels alleged that they were owners and holders of interests in the lands. This allegation is not denied but, on the other hand, is admitted as true in the record before us.

Section 194.02 of Fla. Statutes 1941 (same F.S.A.) which was originally Section 19 of Chapter 20722 Acts of 1941, provides for the redemption of outstanding tax sale certificates by "any person or agent of any person claiming such lands sold for taxes or any part or parcel thereof or any interest therein" at any time prior to the issuance of tax deed.

So it is that Mr. Steele held the tax certificates subject to redemption by any person or persons claiming an interest in the lands described in the tax certificates. Therefore, whether chapter 22784, Acts of 1945, was constitutional or not, under the showing made the Freels had the right to redeem the tax certificates upon the payment of the required amount of money, and upon the payment of that amount of money to the Clerk, it became his duty to pay the same over to Steele and redeem the certificates for the Freels. Thereupon Steele had no further interest in the certificates and was no longer concerned in what might thereafter happen as between the Freels and the owner of the remaining title to the lands embraced in such certificates. It was merely the administrative duty of the Clerk of the Circuit Court under the provisions of Section 194.02, supra, or of Section 14 of Chapter 22784, supra, to receive the money from the Freels for the redemption of the tax certificates and to pay the same over to Mr. Steele and thereupon to cancel the certificates; and it is his further duty under the provisions of Section 14 of chapter 22784 to issue to the Freels duplicates of the original tax sale certificates. Whether or not those duplicate certificates can be enforced by the Freels on their assignees as is provided in Section 14, supra, against the owner of the surface fee is a matter in which the Clerk of the Circuit Court has no interest and for which he can be held in no way pecuniarily answerable to any party at interest. If the statute, Chapter 22784, supra, is valid as between the owner of the surface fee and the owner of the mineral rights (which we do not here determine because of lack of necessary parties), then the owner of such mineral rights may proceed to protect his interest as is provided in that statute and, if the statute is not valid in this regard, then he may proceed in any other manner that may be available to him under valid law to

determine and adjust the rights of the owners of the respective interests in such lands.

The decree requires of the defendants, appellants here, only the performance of those things which the plaintiffs, appellees here, were entitled to have performed under the showing made in this record.

For the reasons stated, the decree is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL, BROWN and ADAMS, JJ., concur.

THOMAS and SEBRING, JJ., agree to conclusion.