**STATE OF FLORIDA, ex rel. J. TOM WATSON, Attorney General, v. H. N. KIRKMAN, Director of Department of Public Safety of the State of Florida, and J. M. LEE, Comptroller.**

27 So. (2nd) 610
October 8, 1946
Rehearing denied November 4, 1946

June Term, 1946
En Banc

*J. Tom Watson*, Attorney General, *T. Paine Kelly*, Assistant Attorney General, for appellant.

*Leo M. Foster, Lewis H. Tribble*, and *Hugh L. McArthur*, for appellees.

CHAPMAN, C. J.:

Honorable J. Tom Watson, Attorney General of the State of Florida, filed in the Circuit Court of Leon County, Florida, a pleading referred to in the record as an "Information in Equity" against H. N. Kirkman, Director of the Department of Public Safety of Florida, and Honorable J. M. Lee, as Comptroller of the State of Florida, and thereby challenges the constitutionality of Chapter 22863, Acts of 1945, Laws of Florida, but the impact of the assault centers largely around Section 3 and 8 of the Act. The original pleading was amended pursuant to permission granted and ultimately an order was entered by the Chancellor below sustaining a motion to dismiss the pleading as amended and from this order an appeal was taken.

Paragraph VII of the "Information in Equity" alleges, in part, that the "Attorney General of the State of Florida is charged with the responsibility of protecting the State and the people of the State in the enjoyment of their constitutional rights, guaranties and immunities and was without a remedy 'save in a court of equity' and to the end that the respondents be enjoined and restrained from their continuance in the performance of the acts and the exercise of authority," etc: (1) That the court will take jurisdiction of the parties and subject matter and "that the equities of the said cause be deemed to be with the State of Florida and the people. (2) That the court will decree Chapter 22863 unconstitutional and void and such authority as has been conferred upon H. N. Kirkman, Director of Department of Public Safety of the State of Florida, and upon J. M. Lee, as Comptroller, be decreed void, unconstitutional, without force or effect and all acts previously performed by Kirkman and Lee under the provisions of said Act to have been done and performed without authority of law. (3) That Kirkman and Lee, in their respective capacities, *supra,* be enjoined and restrained from performing any act or exercising any authority under the provisions of the Act and that said orders be made permanent and perpetual.

It will be observed that Section 1 of the Act creates or establishes a fund to be known as the "Florida Highway Patrol Pension Fund." The fund is financed by contributions

from the members of the "Highway Patrol" and from an annual sum to be paid out of the appropriations of the Drivers License Division of the Department of Public Safety. Section 2 provides for the administration of the Pension Fund by the Director of the State Department of Public Safety under the supervision of the executive Board of the Department of Public Safety. The State Comptroller is charged with the duty of disbursing the fund on signed vouchers approved by the Executive Board.

Section 3 provides that every member of the Florida Highway Patrol who has subscribed to the constitutional oath of office shall come under the provisions of this Act and on the taking effect of this Act shall contribute, every month, five per centum of his monthly salary, to be deducted by the State Comptroller and to be paid into the State Treasury to the credit of the Florida Highway Patrol Pension Fund. Section 8 provides that the "Pension Fund" shall not be levied upon or detained because of legal process issued out of any court against the beneficiary.

Question VI propounded by appellant is viz: Is the Attorney General authorized under the Constitution and laws to institute in the name of the state and of the people of the state an action to test the constitutionality of a statute providing for the appropriation of public moneys, without joining as corelator or corelators any person or persons whose constitutional rights are affected by the provisions of the statute?

In a well considered opinion filed in the cause by the learned Chancellor below it was said:

"The Attorney General seeks to have the act declared invalid, not because it violates the rights of the public generally, or any large portion of the public, but because, he asserts, the constitutional rights of the Patrolmen are invaded. None of these men are here complaining and none are made parties defendant in their individual capacities, to represent the class in this litigation.

"The constitutional rights alleged to have been violated are personal and civil. They may be waived. 11 Am. Jur.

765, et seq. Note 19 Ann, Cas. 181, Abell v. Town of Boynton, 117 So. 507.

"The right of the Attorney General to represent the public when public rights are.violated by the acts of other officials, and, to that end to attack unconstitutional statutes, in proceedings of this nature is settled. State v. Juvenal, 159 So. 663.

"No authority is cited, and research discloses none, to sustain the right of the Attorney General, by Information in Equity, to present for adjudication the rights of individual citizens, or ·small groups, when the circumstances are such that the men themselves might want to waive, and may already by their conduct have waived, these rights in consideration of the greater benefits to be anticipated under the statute which is alleged to offend them.

"If, in this case, this Court has jurisdiction to adjudge Chapter 22863 unconstitutional as violating the guaranteed rights of the Patrolmen, then this Court has jurisdiction to adjudge the Act constitutional as not violating such rights. But, the Patrolmen are not parties, either all of the class or by representation from the class. Due process of law requires that they have an opportunity to be heard."

It is settled law that a party seeking an adjudication by the court of the constitutionality of an Act, in order to be heard, is required to show that his constitutional rights have been abrogated by the challenged Act. State ex rel. Pringle v. Dykes, 127 Fla. 665, 173 So. 904. Ordinarily this Court will not consider objections to the constitutionality of an act by one whose interest is not affected. State ex rel. Landis v. Dyer, 109 Fla. 33, 148 So. 201. Courts are without power *per se* to inquire into the validity of public laws in proceedings brought directly for such purpose by one whose rights are not affected by the operation of the Act. Hillsborough Investment Co. v. Wilcox, 152 Fla. 889, 13 So. (2nd) 448.

The contention of the Attorney General is that the rule of law enunciated *supra* is not applicable to the Attorney General of Florida but is restricted or limited to the rights of private persons attacking the constitutional validity of the Act which did not affect their rights. Moody v. Bryan 50 Fla. 293, 39 So.

927; State ex rel. Crim v. Juvenal, 118 Fla. 487, 159 So. 663; State ex rel. Landis v. Kress, 115 Fla. 189, 155 So. 823, are cited and relied upon to sustain this view.

As a general rule a public official whose rights are not adversely and injuriously affected by the operation of an Act, or the particular feature of it complained of, may not raise the question of its constitutionality. The mere interest of a public official as such is not sufficient to entitle him to question the validity of a statute, but to entitle the official to the right to raise such a question he must show that his rights of person or property are adversely affected by the operation of the statute. State v. Johnson, 102 Fla. 19, 135 So. 816; State ex rel. A.C.L. RR. Co. v. Board of Equalizers, 84 Fla. 592, 94 So. 681; Columbus & G. Ry. Co. v. Miller, 51 S. Ct. 392, 283 U.S. 96, 75 L. Ed. 861; C.J.S. 172-3, par. 82; 11 Am. Jur. 762-3, par. 117.

Affirmed.

TERRELL, BUFORD, ADAMS and SEBRING, JJ., concur.

THOMAS, J., concurs in conclusion.

BROWN, J., concurs specially.

BROWN, J., concurring specially:

I am inclined to think the Attorney General had the right to file this suit, but I concur in the view of the Court below that the Act is not shown to be unconstitutional.