WIGGINTON, Judge.
The Attorney General petitioned for a writ of mandamus in the name of the State on the relation of the Comptroller against the City of Pensacola. The alternative writ sought to require payment of a gross receipts tax on natural gas sold by the city to its inhabitants during the year 1955, and levied by the Comptroller as evidenced by his duly recorded warrant.
The writ alleged that the city had refused to pay the tax imposed by law[1] on *899 the ground that it was exempt therefrom under the provisions of a special act of the Legislature.[2] It was further alleged that the exemption act is unconstitutional, void and of no effect. From an order quashing the writ and dismissing the petition, the Comptroller appealed to the Supreme Court.
The order appealed from is predicated upon the recited conclusion that the Comptroller had failed to allege facts sufficient to demonstrate his entitlement to the relief sought. This conclusion had for its support a finding by the court that the allegations failed to show (a) that the Comptroller would be injured in his person, property or rights by the exemption statute which he sought to attack on constitutional grounds; (b) that he would be required thereby to disburse public funds; or (c) that he had otherwise satisfied the requirement that there be before the court a party with a substantial right or interest adversely affected by enforcement of the questioned statute.
On this state of the record the Supreme Court found and held that its jurisdiction had been improvidently invoked inasmuch as the order appealed from had not directly passed upon the constitutionality of the exemption statute mentioned in the alternative writ.[3] Accordingly, an order was entered transferring the appeal to this court for consideration of the procedural question involved.[4]
We emphasize at the outset that the constitutionality of the special act on which the city relies will not be determined on this appeal. That matter was not directly passed upon by the trial court and is not a proper subject for review here.
The sole issue presented for our consideration is whether the petition alleged sufficient facts to constitute the Comptroller a proper party legally entitled to question the constitutionality of the exemption statute mentioned therein. The trial court held that it did not, and it is upon this ruling the Comptroller contends error.
F.S. Chapter 203, F.S.A., imposes an excise tax upon the gross receipts derived from the sale of natural gas for light, heat or power; requires that an annual report be made showing the total gross receipts realized from such sale during the preceding year, and that payment be made to the Comptroller in the sum of $1.50 on each $100 of the gross receipts therefrom. If no report is made, it is provided that the Comptroller shall, after notice, estimate the amount of tax due and proceed to collect same, together with all costs and penalties. It is also provided [5] that if a tax is not paid when due, the Comptroller may issue a warrant commanding the sheriffs of the *900 state to levy upon and sell property of the person liable for payment. It is further provided that a copy of such a warrant may be filed with the Clerk of the Circuit Court of the county and, when recorded, shall become a lien against the property of the taxpayer in the same manner and to the same extent as a duly recorded judgment. The alternative writ alleged compliance with all of the acts required of the Comptroller by the foregoing statutes and this procedure has not been challenged.
The City contends that the Comptroller is without authority of law to assess the gross receipts tax against it for the reason that the special act of the Legislature exempts it therefrom, and that this act is presumptively valid since its constitutionality has never been passed upon by any court of competent jurisdiction. It is the city’s position that the Comptroller has no standing to question the constitutionality of the exemption act for the reason that the immunities accorded thereunder in no way affect the Comptroller in his person, property or other material rights.
The landmark case in this jurisdiction on the question here presented is that of State ex rel. Atlantic Coast Line Railway Company v. State Board of Equalizers.[6] It was there held that every law duly enacted by the Legislature is presumptively constitutional until declared otherwise by a court of competent jurisdiction, and that ministerial officers must obey such until the constitutionality thereof is judicially passed upon in a proper proceeding. The attempt by a ministerial officer of the executive department to nullify an enactment of the legislature under the guise of observing his oath of office to support the Constitution, has been consistently rejected by an unbroken line of decisions rendered by our Supreme Court.[7] Generally, a court will not listen to an objection made to the constitutionality of a statute unless the objecting party can show that he will be injured in his person, property or other material right by virtue of the statute in question.[8]
Under the Constitution of this state the Comptroller is charged with the duty of examining, auditing, adjusting and settling the accounts of all officers of the state and the performance of such duties as may he prescribed by law[9] F.S. Chapter 203, F.S. A., requires the Comptroller to collect from every municipality an excise tax on the gross receipts received by them from the sale of natural gas for light, heat or power. The Comptroller has attempted to discharge this responsibility as was his duty under the law and in accordance with his oath of office. His ability to perform the duties imposed upon him by the general law in this respect is impaired, if not rendered impossible, because of the special exemption act in favor of the appellee city, which act the Comptroller contends is unconstitutional. It may be seriously questioned whether the Comptroller’s failure to collect a tax lawfully due the State of Florida would render him liable on his official bond as well as subject him to impeachment for nonfeasance in office.
To the general rule, denying the right of a ministerial officer to question the constitutionality of a legislative act, our Supreme Court has announced a clear and well defined exception. It has been held that if a legislative act affects a ministerial officer in the performance of his lawful duties with regard to the control and 'disbursement of public funds, his official capacity gives him such an interest in the matter that he may challenge the validity of the act in mandamus.[10] Therefore, the *901 prime question here presented turns on whether the allegations of the petition and writ are sufficient to establish the Comptroller’s right to act within the foregoing exception. If so, his right to challenge the statute in question must be conceded.
In the latest expression by our Supreme Court on the exception to the general rule above mentioned, it was said “As indicated above, there is, of course, an exception to this rule — and that is, when the public may be affected in a very important particular, its pocket-book. In such case, the necessity of protecting the public funds is of paramount importance, and the rule denying to ministerial officers the right to question the validity of the Act must give way to a matter of more urgent and vital public interest.” [11]
It might be said with some justification that the expression of our Supreme Court last above quoted is dictum in that the control of expenditure of public funds was not involved in that case. We perceive no reason, however, why the court should have qualified the general rule adhered to in that opinion by reiterating the exception last mentioned unless it was to again bring to the attention of the bench and bar that the exception remained a sound principle of law to be observed in those cases falling within its purview. Furthermore, we think it worthy of note that the Comptroller of the State of Florida is a constitutional officer charged with the duty to protect the public funds, whereas the purely ministerial officers involved in the Barr case were of statutory origin and charged with the sole duty to carry out the mandates of the Legislature.
For the reasons above stated it is our view that the Comptroller was legally entitled to question the constitutionality of the special act which purports to exempt the City of Pensacola from the payment of gross receipts tax as required by general law, which act directly affects public funds and the Comptroller’s duty to collect, control and disburse the same. For this reason the order appealed from is reversed and the cause remanded for further proceedings.
Reversed and remanded.
STURGIS, C. J., and THORNAL, Associate Judge, concur.

. E.S. § 203.01, F.S.A., “Every person, including municipal corporations, receiving payment for electricity for light, heat or power, for natural or manufactured gas for light, heat or power, for use of telephones, and for the sending of telegrams and telegraph messages, shall annually, on or before the fifteenth day of *899 March, report to the comptroller of the state, under oath of the secretary or some other officer of such person, the total amount of gross receipts derived from business done within this state, or between points within this state, for the preceding calendar year and, at the same time, shall pay into the state treasury the sum of one dollar and fifty cents upon each one hundred dollars of such gross receipts. * * * ”

.Ch. 31166, Special Acts 1955. “Section 1. That the City of Pensacola, in its operation of a natural gas distributing system to the inhabitants of the City of Pensacola and the inhabitants of Escam-bia County, be and it is hereby exempted from taxation in all of said operations by the State of Florida or any county or municipality of the State of Florida and all property and all income of the gas distributing system, is hereby exempted from any and all taxation by the State of Florida or any county or municipality of the State of Florida; the provisions of any other law to the contrary notwithstanding.
“Section 2. All laws and parts of laws in conflict herewith are hereby repealed to the extent of such conflicts.
“Section 3. This act shall take effect immediately upon its becoming a law.”

. See: Art. Y, § 4(2), Florida Constitution, F.S.A.

. Supra note 3.

. F.S. § 205.10, F.S.A.

. 84 Fla. 592, 94 So. 681, 30 A.L.R. 362.

. Barr v. Watts, Fla.1953, 70 So.2d 347; Pickerill v. Schott, Fla.1951, 55 So.2d 716; State ex rel. Watson v. Kirkman, 158 Fla. 11, 27 So.2d 610.

. Supra note 7.

. Art. IV, § 23, Florida Constitution.

. State ex rel. Harrell v. Cone, 130 Fla. 158, 177 So. 854; Board of Public In *901 struction for Santa Rosa County v. Croom, 57 Fla. 347, 48 So. 641. See: City of Pensacola v. King, Fla.1950, 47 So.2d 317.

. Barr v. Watt, [70 So.2d 351] supra note 7 (emphasis supplied).