O’CONNELL, Justice.
Plaintiffs in this cause all operate their businesses (for the avowed purpose of slenderizing the human body) under the franchises from the “Stauffer System.” They filed their complaint in July 1958 for declaratory decree and injunctive relief, naming as defendant the Florida Board of Massage.
Plaintiffs alleged that none of them and none of their employees hold certificates of registration issued by the defendant board as prescribed in Chapter 480, Fla.Statutes, 1957, F.S.A., none held any diploma or credential issued by any recognized School of Massage, none can furnish proof of experience or education consisting of a continuous course of study as outlined by Sec. 480.09, and none qualify under the exemptions listed in Sec. 480.03.
It should be noted that the complaint was filed in July 1958 and thus the provisions of Chapter 480 as amended in 1957 were applicable. However, the complaint applies equally to Chapter 480 as amended in 1959 and in 1961, for such amendments are basically immaterial to the issue involved.
Plaintiffs alleged that they operate Stauf-fer tables, electrically operated mechanical tables, which provide their customers with a course of passive exercise by moving certain portions of the body in relation to other portions and also vibrate the body, being designed to produce muscle relaxation, stimulation of the blood circulation, posture improvement, and reduction of the fatty tissues of the body, all of which have a tendency to result in slenderizing of the body of the user.
Further, they alleged:
“ * * * Plaintiffs say that when a customer comes to one of their places of business, the customer is assigned a certain period of ‘use time’ of the tables and equipment located in said place of business, under the franchise agreement and equipment-lease agreement between the respective Plaintiffs and Stauffer Reducing, Inc. That the time allocation is made by the business manager of the establishment and the customer is conducted to the first table and instructed in position by a technician, who, when the customer is in proper position on the table, activates the table by turning a switch and setting a time-clock, and thereafter, the customer, in ai like manner, is conducted from table to-table until the allocated time schedules are completed. The customer does not disrobe at any time and no employee manually manipulates the customer’s body. Plaintiffs say that by their franchise agreement they are required not to, and do not make any therapeutic claims whatsoever in behalf of the ‘Stauffer System’ of passive physical! exercise, but do state that the mechanical passive exercises transmitted to the-human body by the electrically operated: mechanical tables tend to relax the-muscles, stimulate blood circulation, improve posture, and reduce fatty tissue: in the body. Plaintiffs say that the machines owned by them do not rub, stroke or knead the body, nor do the Plaintiffs, by machine or otherwise, administer oil rubs, salt glows, hot or cold packs, any kind of steam bath, cabinet bath, sitz bath, colon irrigation, nor any manual manipulation whatsoever, and all customers prior to being permitted to use any of the equipment of Plaintiffs, are questioned as to whether they are suffering from any pathological! condition and if they are, Plaintiffs, as-they are required so to do by their franchise, refuse to permit any such customer to use any of their said[1] tables- and equipment without first obtaining a doctor’s examination and a statement that the use of such machinery will not be harmful.”
Plaintiffs asserted that they were not in the business of massage as it is generally known but by reason of the language of the statute, Sec. 480.01, F.S.A., the defendant board claims they fall within the classifica *684 tion of masseurs or masseuses and threatens to arrest them for operating as masseurs in violation of Chapter 480. Plaintiffs alleged the provisions of Chapter 480 have no reasonable relation to their business and the requirements thereby imposed are arbitrary, and if enforced against them would deprive them of their property and liberty without due process of law and deny to them the equal protection of the law, contrary to the provisions of the state and federal constitutions.
Plaintiffs’ complaint concluded that unless the defendant was restrained from enforcing against them the provisions of Chapter 480 they would be compelled to either abandon their businesses or assume the risk of fine and imprisonment for violation of such provisions. They asked the court to determine the validity of the chapter, with particular attention to sections 480.01, 02, 03 and 09, as related to them, and to issue its injunction enjoining the defendant board from enforcing or attempting to enforce those provisions against them.
Plearings were held before the chancellor at which he heard the testimony of six different doctors and of an operator of a Stauffer salon. The medical testimony was conflicting as to whether or not the operation of the subject machines could be detrimental to the health of any user and as to whether or not it would be of benefit to the users of the machines if the operators thereof took the course of study prescribed for masseurs in Sec. 480.09.
Thereafter the chancellor entered his first decree and the appellant board took this appeal directly to this Court.
The first problem presented for decision involves our jurisdiction to entertain this appeal.
In his decree the chancellor recited that the appellees, as plaintiffs below, had asked for a construction of F.S. Chapter 480, F.S.A. and particularly Sections 480.01, 02, 03 and 09 and “in particular, whether the above Statutes are constitutional.”
While the decree states that to require them to comply with F.S. Chapter 480, F.S.A. “would deprive the plaintiffs of their constitutional rights of due process and equal protection of the laws, and deprive the plaintiffs of their property without due process of law, contrary to the Constitution of the State of Florida and the Constitution of the United States”, the chancellor did not in specific words find any of the sections of said statute unconstitutional and invalid. Nor did the decree construe any controlling provision of either the state or federal constitution
The question then arises as to whether the decree did in effect hold the subject act, or portions thereof, to be invalid or merely held them to be invalid as applied to the plaintiffs under the facts of this case.
The appellant board contends that the decree construed provisions of the constitutions, state and federal, and therefore this Court has jurisdiction of this appeal.
On the other hand the appellees state in their brief that they “do not contend that the Chancellor’s decree has such a broad scope.” They seem to be of the view that the decree merely held the act unconstitutional, as applied to them, rather than striking down the act, or portions thereof, because it was invalid.
If the decree merely held the statute unconstitutional as applied to the ap-pellees-plaintiffs under the facts of this case rather than invalid per se, then we do not have jurisdiction of this appeal. See Stein v. Darby, Fla.1961, 134 So.2d 232.
Despite appellants’ contention on the point we find no place in the decree in which it can be said that the chancellor undertook to “explain, define or otherwise eliminate existing doubts arising from the language or terms” of any constitutional provision. See Armstrong v. City of Tampa, Fla., 1958, 106 So.2d 407, 409. If we have jurisdiction of this cause it can only be because the decree passed directly upon the validity of F.S. Chapter 480, F.S.A., or some section thereof.
*685 However it is not clear that the effect of the decree is to merely hold the statute, or portions thereof, unconstitutional only as applied to the appellees-plaintiffs under the facts of this case.
The validity of Sections 480.01, 02, 03 and 09 was placed in issue and statements in the decree would indicate that the chancellor determined that portions thereof were invalid, yet he did not so state. The decretal part of the order under attack merely enjoined the appellant board from enforcing the penal provisions of Chapter 480 against these appellees-plaintiffs.
The matter is further complicated by the fact that at one place in the decree the chancellor stated that “ * * * it is clear that the Legislature did not intend to include the use of electrical equipment here involved in its definition of a masseur or masseuse.” Such was the decision of this Court in Florida Board of Massage v. Underwood, Fla.1950, 45 So.2d 184, 17 A.L.R.2d 1181. However the statute as amended in 1957 clearly indicates that the legislature intended to subject the appellees-plaintiffs, and operators of similar devices, to the provisions of the statute.
Sec. 480.01(1), as amended in 1957, read:
“(a) For the purpose of this chapter the term masseur or masseuse shall he deemed to be a person who practices, administers or teaches all or any one or more of the following subjects and methods of treatments, viz: who administers or teaches treatments with any mechanical or electrical apparatus for the purpose of body slenderising, body reducing or body contouring.
“(b) Further, a person who has studied the underlying principles of anatomy and physiology and administers or teaches all or any one or more of the following subjects and methods of treatments, viz: oil rubs, salt glows, hot or cold packs, all kinds of baths including steam rooms, cabinet baths, sitz baths, colon irrigations, body massage either by hand or by any mechanical or electrical apparaHts or device (excluding fever therapy), applying such movements as stroking, friction, rolling, vibration, kneading, cupping, pettrasage, rubbing, effleurage, tapotment.
“(c) * * *.” (Emphasis supplied.)
There appears to be no doubt that the plaintiffs administer “treatments with * * * electrical apparatus for the purpose of body slenderizing, body reducing or body contouring” as specified in Sec. 480.01(1) (a), F.S.A. Further, it is difficult to find that Sec. 480.01(1) (b) does not also include them, for it would appear that the subject tables do “massage” the body by applying such movements as friction, rolling, or vibration, each of which is mentioned therein and were not specified in the statute as it existed when the Court considered it in Florida Board of Massage v. Underwood, 45 So.2d 184, supra. Furthermore, at the hearing before the chancellor one medical expert testified that the tables do “massage” the body, and at oral argument counsel for plaintiffs acknowledged that they are now included within the purview of Chapter 480, although he contended that to so include them violates the plaintiffs’ constitutional rights.
The fact that the appellees-plaintiffs are clearly included within those regulated by the statute, and that all other persons who operate similar devices are also included, makes it unlikely that the chancellor merely determined that the statute, or portions thereof, was unconstitutional only as to ap-pellees-plaintiffs under the facts of this case rather than invalid per se. If invalid as to these appellees-plaintiffs, it would seem that the statute would also be invalid as to all other operators of Stauffer system tables as well as the operators of all similar devices.
Rather than speculate as to whether the decree did or did not in effect hold portions of F.S. Chapter 480, F.S.A. to be un *686 constitutional and whether we do or do not have jurisdiction of this cause, we have determined that we should not now decide the question of jurisdiction but rather, without acting thereon, we should temporarily relinquish control of this cause to the chancellor who entered the decree here involved for the sole and only purpose of having the chancellor enter an order setting forth whether he directly passed upon the validity of F.S. Chapter 480, F.S.A., or any portion thereof, and if so what portions were held valid or invalid.
Upon receipt of a copy of this order the chancellor is requested to forthwith enter such an order nunc pro tunc.
Upon entry of such order the clerk of the trial court in which said order is filed is requested to forward a certified copy thereof to this Court and to counsel of record for each of the parties hereto.
Thereafter the parties hereto may request leave to file additional briefs if they so determine.
This Court will thereafter determine its jurisdiction in this cause and either retain and decide it or transfer it to the appropriate district court of appeal.
It is so ordered.
TERRELL, THOMAS and THORNAL, JJ., concur.
ROBERTS, C. J., and DREW and HOB-SON (Ret.), JJ., dissent.

. 11 Am.Jur. 753, Const.Law, See. 111, citing Bandini Petroleum Co. v. Superior Ct., 284 U.S. 8, 52 S.Ct. 103, 76 L.Ed. 136, 78 A.L.R. 826; White v. Johnson, 282 U.S. 367, 51 S.Ct. 115, 75 L.Ed. 388; People ex rel. Rusch v. White, 334 Ill. 465, 166 N.E. 100, 64 A.L.R. 1006; Boyd v. Johnson, 212 Iowa 1201, 238 N.W. 61; State ex rel. Linde v. Packard, 35 N.D. 298, 160 N.W. 150, L.R.A.1917B, 710; Insurance Co. of North America v. Welch, 49 Okl. 620, 154 P. 48, Ann.Cas.1918E, 471; Knowle’s Estate, 295 Pa. 571, 145 A. 797, 63 A.L.R. 1086; State v. Heffernan. 40 R.I. 121, 100 A. 55, citing R.C.L.; St. Louis South Western R. Co. v. State, 113 Tex. 570, 261 S.W. 996, 33 A.L.R. 367. Accord State ex rel. Crim v. Juvenal (1935), 118 Fla. 487, 159 So. 663.