251 So.2d 1 (1971)
W.A. DAVIS et al., Appellants,
v.
Fred G. GRONEMEYER et al., Appellees.
No. 39670.
Supreme Court of Florida.
July 12, 1971.
*2 Jack H. Greenhut and Joe J. Harrell, of Harrell, Wiltshire, Bozeman, Clark & Stone, Pensacola, for appellants.
Hobart O. Worley, Jr., of Barksdale, Tucker & Worley, Pensacola, for appellees.
McCAIN, Justice.
Pursuant to Fla. Const. Article V, § 4(2), F.S.A., we review by direct appeal a final judgment of the Circuit Court, Escambia County, construing certain provisions of the Constitution of Florida as amended in 1968.
The facts are not in dispute. In 1951, the Florida Legislature, by special act (Chapter 27537, Laws of Florida) created a civil service system for the civil service employees of Escambia County, and provided therein for a Civil Service Board (hereinafter called the Board) to administer and enforce the provisions of the law. The initial law has been amended seventeen times since 1951, and in 1967, by Chapter 67-1370, Laws of Florida, the Legislature substantially revised the civil service system. The Act, as amended, continued in full force and effect following adoption of the 1968 Florida Constitution.
Subsequently, on January 9, 1970, appellants, the Board of County Commissioners of Escambia County (hereinafter called the County Commission), enacted and adopted Ordinance No. 69-1, which repealed Chapter 27537, together with all its amendments. At the same time the County Commission also enacted Ordinance No. 69-2, creating a County Civil Service System for the employees specified in the Ordinance. These actions were allegedly taken pursuant to the "home rule" provisions of the 1968 Constitution as set forth in Article VIII thereof and implemented by Chapter 69-234, Laws of Florida, Fla. Stat. §§ 125.65 and 125.69, F.S.A.,[1] and Chapter 69-32, Laws of Florida, Fla. Stat. §§ 125.66, .67 and .68, F.S.A.
We are called upon to consider two issues on this appeal: (1) whether appellees, the Civil Service Board of Escambia County, or its individual members, have standing to bring a suit seeking to enjoin the enforcement and implementation of Ordinances No. 69-1 and 69-2; and (2) if so, whether the 1968 Florida Constitution authorizes repeal of Chapter 27537, as *3 amended, by the Board of County Commissioners of Escambia County. The Circuit Court determined that appellees did have standing to sue and enjoined enforcement and implementation of the ordinances, concluding that the actions of the County Commission were not authorized by the Constitution.
We turn first to the question of the standing of the Civil Service Board to seek an injunction against the enforcement and implementation of the ordinances.
The issue is one of first impression in this State. The County Commission argues, first, that appellees are foreclosed from raising the issue of the County's authority to repeal Chapter 27537 by the well-established rule that an office holder cannot question the constitutionality of a state statute without showing that he will be injured in his person, property, or rights by its enforcement. State ex rel. Atlantic Coast Line R. Co. v. State Board of Equalizers, 84 Fla. 592, 94 So. 681 (1922); City of Pensacola v. King, 47 So.2d 317 (Fla. 1950); Steele v. Freel, 157 Fla. 223, 25 So.2d 501 (1946); State ex rel. Watson v. Kirkman, 158 Fla. 11, 27 So.2d 610 (1946); Green v. City of Pensacola, 108 So.2d 897 (Fla.App. 1st, 1959); and State ex rel. Davis v. Love, 99 Fla. 333, 126 So. 374 (1930).
This argument is not persuasive. The Civil Service Board does not challenge the validity of any state statute. It seeks only to test the validity of Ordinances 69-1 and 69-2 under the 1968 Florida Constitution and Chapter 69-234 and 69-32, Laws of Florida. Moreover, in general, the cases holding that a ministerial officer may not challenge the validity of a statute have reference to those situations in which an office holder appointed to perform duties under a given act refuses to perform those duties because of the alleged constitutional invalidity of the act. In such a case, it is said that unless expenditure of public funds is involved, the office holder is foreclosed from questioning the validity of the act. State ex rel. Davis v. Love, supra.
In the instant case we are not confronted with this type of situation. The Board has been willing at all times to perform its duties under Chapter 27537 and its amendments, but has been prevented from doing so by the actions of appellants.
It is true that Chapter 27537, as amended, does not give the Board an express power to sue. The Act does, however, give the Board power to enforce its provisions, to prevent violations, and to retain counsel.[2] In our opinion, the necessary and fair inference to be drawn from these powers, taken collectively, is that they give the Board power to bring suit to test the constitutionality of ordinances which presume to repeal the Act. Indeed, if repeal by the County Commission may be characterized as the ultimate violation of the Act, as we think it may, the Board would be remiss in performing its obligation to require and enforce observance of the Act if it permitted the repeal to go untested. Accord, City of Pensacola v. King, supra.
We turn, then, to the second issue confronting us: whether the 1968 Florida Constitution authorizes repeal of Chapter 27537, as amended, by the Board of County Commissioners of Escambia County. Escambia County is a non-charter county. Accordingly, we are initially concerned with the proper construction to be placed on Fla. Const. Article VIII, § 1(f) (1968), which provides:
"(f) Non-charter government. Counties not operating under county charters shall have such power of self-government as is provided by general or special law. The board of county commissioners of a county not operating under a charter may enact, in a manner prescribed by general law, county ordinances not inconsistent with general or special law, but an ordinance in conflict with a municipal *4 ordinance shall not be effective within the municipality to the extent of such conflict." (Emphasis supplied.)
Considered alone, it is apparent that this provision prohibits the kind of action taken by the County Commission in this case. The Board of County Commissioners of a non-charter county is empowered to enact county ordinances only to the extent such are not inconsistent with general or special law. Chapter 27537 is a special law. Since the Legislature, by special act, has pre-empted the civil service field, it follows that the Board may not enact an ordinance on the same subject. It would be inconsistent with special law to do so.
A further support for this theory is Fla. Const. Article III, § 14, which provides that the Legislature may create civil service systems and boards for county, district and municipal employees. While the Legislature is not required by Article III, § 14, to create such systems, the clear implication of this provision is that where it has done so, it will be considered to have pre-empted the field.
Petitioner urges, however, that Fla. Const. Article VIII, § 6(d) creates an exception to § 1(f). Article VIII, § 6(d), provides:
"(d) Ordinances. Local laws relating only to unincorporated areas of a county on the effective date of this article may be amended or repealed by county ordinance."
The 1968 Constitution does not define the term "local law". Article X, § 12(g) does provide, however, that the term "special law" means a special or local law. It follows that at least one definition of a local law is a "special law"; that is, a special act of the Legislature, enacted pursuant to Article III, § 10 of the 1968 Constitution or Article III, § 21 of the 1885 Constitution.[3]
We must next determine whether Chapter 27537, on the effective date of Article VIII related only to unincorporated areas of Escambia County within the meaning of § 6(d). If so, repeal of Chapter 27537 was proper. If not, the actions of the County Commission were unauthorized.
On this point, we have searched the transcript of the proceedings of the Convention of the Florida Constitutional Revision Commission, the Minutes of the Constitutional Revision Session of the Committee of the Whole House (July 31 and August 21, 1967), and constitutional revision material available in the Supreme Court library without success. Section 6(d) appears to have been inserted in Article VIII virtually without debate and without substantial revision following adoption of the proposed first draft.
Chapter 63-1775, Laws of Florida, establishes a civil service system for the City of Pensacola, covering municipal employees. Appellant urges, therefore, that the county civil service system established by Chapter 27537 and amended by Chapter 67-1370, relates only to the unincorporated areas of Escambia County and was properly repealed by county ordinance.
We find this argument to be without merit. Without attempting to delineate all examples, suffice it to say that the services provided by counties and cities to residents are overlapping and concurrent in numerous areas, i.e. police protection. A reading of Chapters 27537 and 67-1370, indicates that the county employees covered by the Act are engaged in all facets of county government and provide all manner of county services. Necessarily, then, the Act *5 relates to the incorporated as well as the unincorporated areas of Escambia County. Accordingly, it is our conclusion that the County Commission was without authority under Article VIII, § 1(f) and § 6(d) to repeal Chapter 27537, Laws of Florida, as amended.
Section 1 of Article VIII of the Constitution of 1968, is implemented by Chapter 69-32, Laws of Florida and Chapter 69-234, Laws of Florida. Chapter 69-32 provides a procedure for the exercise of ordinance making powers by counties and is of no concern to us here. Chapter 69-234, however, is substantive, and must be construed consistently with the Constitution. In pertinent part, Chapter 69-234, provides:
"Section 1. In accordance with the provisions of Article VIII, section 1 of the state constitution, Counties shall have all powers of local self-government including governmental, corporate and proprietary powers to enable them to conduct county government, perform county functions and render county services, and may exercise any such power for county purposes for the health, safety or welfare of its citizens, not inconsistent with general or special law.
* * * * * *
"Section 4. The provisions of this act shall be so construed as to secure for the counties the broad exercise of home rule powers granted by the constitution."
The above language is general, and apparently covers both section 1(f), relating to non-charter counties, and section 1(g) relating to charter counties. We have seen, however, that non-charter counties have home rule power only to the limited extent provided by Article VIII, § 6(d), Constitution of 1968. Thus, the above statutory provision, insofar as it purports to grant broad home rule powers to counties must be and is hereby limited in effect to charter counties with single exception described in this opinion.
The judgment appealed from is therefore affirmed.
Affirmed.
ROBERTS, C.J., and ERVIN, BOYD and DREW, (Retired), JJ., concur.
NOTES
[1] We note that Fla. Stat. § 125.65, F.S.A., has since been repealed by Chapter 71-14, Section 3(1), Laws of Florida. For purposes of this appeal, however, we must consider the statute as constituted at the time of the contested events.
[2] See Chapter 67-1370, Section 4(b) and (j).
[3] For purposes of this appeal, it is not necessary to decide whether the term local law also has reference to the so-called "population acts" enacted under the Constitution of 1885. Chapter 27537, Laws of Florida was enacted in accord with the procedure prescribed by Article III, § 21, Constitution of 1885 for enactment of local laws, and accordingly is not susceptible to challenge as an invalid population act.