George H. Nickerson, Jr. Alachua County Attorney Gainesville
QUESTION:
Does a noncharter county have the authority to permit and contract for the installation and operation of vending machines in or on county buildings and property?
SUMMARY:
A noncharter county is not authorized by law to permit and contract for the installation and operation of vending facilities or automatic vending machines in or on county buildings or property (owned or operated or provided by the county) unless such facilities or machines are operated by eligible blind persons or the Division of Blind Services pursuant to the provisions of s.413.051(1), F. S.
This office has previously stated that noncharter counties have no constitutional powers of their own but may exercise only those powers which are conferred on them by general or special law. See
AGO's 078-131, 077-81, 077-38, 076-20, and 069-99. See also Davis v. Gronemeyer, 251 So.2d 1 (Fla. 1971), and State ex rel. Volusia County v. Dickinson, 269 So.2d 9, 11 (Fla. 1972), in which the Florida Supreme Court stated that `[n]oncharter counties . . . shall have only the power of self-government as is provided by general or special law. Section 1(f), Article VIII, State Constitution.' Cf. White v. Crandon, 156 So. 303, 305 (Fla. 1934); Gessner v. Del-Air Corporation, 17 So.2d 522 (Fla. 1944); Crandon v. Hazlett, 26 So.2d 638 (Fla. 1946); Edgerton v. International Company, 89 So.2d 488, 490 (Fla. 1956); AGO's 076-173 and 075-120. The applicable principles of law which were enunciated under earlier constitutional provisions and statutory precursors of s.125.01(1), F. S., and other statutes apply with equal force and effect to the current constitutional and statutory provisions governing the powers of noncharter counties.
Section 413.051, F. S., provides:
 (1) The board of county commissioners of any county and the board, council, commission, or officials in charge of any public state, county, or municipal building or property in this state may permit the operation of vending facilities by eligible blind persons [and] by the Division of Blind Services for the benefit of eligible blind persons on such
state, county, or municipal property under their respective jurisdiction; provided, however, that the establishment of such vending facilities or automatic vending machines on public property shall not unduly interfere with the use of the public property for public purposes; and provided, further, that all blind operators of such vending facilities on such public property be licensed by the Division of Blind Services of the Department of Education and that the facilities be operated by, or under the supervision and direction of, said division. In authorizing the operation of vending facilities on public property, where the service requirements of the location fall within the physical capabilities of the eligible blind, preference shall be given to the greatest extent feasible to blind persons licensed by the Division of Blind Services as provided in this chapter.
 (2) It is the legislative intent that this section shall not apply or operate, in any manner, to divest any person or organization presently operating vending facilities or automatic vending machines in state, county, or municipal buildings, or on state, county, or municipal property, from continuing to do so. (Emphasis supplied.)
Subsection (2) was added to s. 413.051, F. S., by s. 2, Ch. 65-227, Laws of Florida, effective 60 days from the final adjournment of the 1965 regular session of the Legislature at which it was enacted (see s. 18, Art. III, State Const. 1885). Thus under the express provisions of s. 413.051, F. S., a noncharter county is authorized to permit the operation of vending facilities or automatic vending machines in or on county-owned or county-operated buildings or property by eligible blind persons or the Division of Blind Services. A noncharter county is not, however, authorized to permit and contract for the installation and operation of vending facilities or automatic vending machines in or on county-owned or county-operated buildings or property byany other person, firm, corporation, body, association, or group. It is a well-recognized principle of statutory construction that the mention of one thing implies the exclusion of another — expressio unius est exclusio alterius.' Thus, when a statute enumerates the things upon which it is to operate, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned. See Thayer v. State,335 So.2d 815, 817 (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342
(Fla. 1952); Ideal Farms Drainage District v. Certain Lands,19 So.2d 234 (Fla. 1944). Although s. 125.012(17), F. S., provides that certain counties and their boards of county commissioners, upon election to exercise such powers, have the authority `[t]o grant exclusive or nonexclusive franchises to persons, firms or corporations for the operating of . . . vending machines, and other concessions of a nonaeronautical nature in, on and in connection with any project [defined in s. 125.011(2), F. S.] owned and operated by the county,' this grant of power is expressly limited to charter counties. See s. 125.011(1), F. S., which provides that `county' as used in ss. 125.011-125.021, f. S., means `any county operating under a home rule charter adopted pursuant to ss. 10, 11 and 24 of Art. VIII of the Constitution of 1885, as preserved by Art. VIII, s. 6(e) of the Constitution of 1968 . . . .'
I am not aware of any statute, and no general or special law has been drawn to my attention other than the limited grant of power in s. 413.051, F. S., which authorizes a noncharter county to permit and contract for the installation and operation of vending machines in or on county buildings or property. While s.125.01(1)(c), F. S., empowers noncharter counties to provide and maintain county buildings, it is not essential to such function and power that any authority be necessarily implied to contract for the installation and operation of vending machines on county property or facilities in order for the county commission to carry out the enumerated power. Section 125.01(1), F. S., which establishes the general powers of noncharter counties, contains no express provision consistent with any general or special law authorizing such an operation in or on county buildings and property or such use of county property. While s. 125.01(1)(w) generally provides that a noncharter county may perform `any other acts not inconsistent with law which are in the common interest of the people of the county, and exercise all powers and privileges not specifically prohibited by law,' this provision has not been extensively litigated and, if it were so liberally construed (see
s. 125.01[3][a] and [b], F. S.), it would operate to vest plenary powers of self-government in noncharter counties, negate the need for the remaining provisions of s. 125.01(1), conflict with the express provisions of s. 1(f), Art. VIII, of the State Constitution, and eliminate the distinction between charter and noncharter counties prescribed by the Constitution. Thus, this office concluded in AGO 077-38 that s. 125.01(1)(w) should be construed under the principle of ejusdem generis which limits general words or phrases following an enumeration of specific things to things of the same class or genus as those comprehended by the preceding specific terms; therefore, only activities in the nature of those described elsewhere in s. 125.01(1) were deemed to be authorized by s. 125.01(1)(w).
Accordingly, I am of the opinion that, in the absence of a statute so providing, a noncharter county may not permit and contract for the installation and operation of vending facilities or automatic vending machines in or on county buildings and facilities or property owned or operated or provided by the county unless such machines are operated by eligible blind persons or the Division of Blind Services pursuant to the provisions of s. 413.051(1), F. S.See AGO 047-234, Biennial Report of the Attorney General, 1947-1948, p. 149, in which one of my predecessors concluded that a board of county commissioners was not authorized by law to install, or to allow anyone else to install, vending machines in the county courthouse for the use of the public and to receive the profits therefrom with the sole exception of those operations authorized by Ch. 22681, 1945, Laws of Florida, a precursor of s.413.051, F. S., with respect to the operation of vending stands by needy blind persons on county property in certain circumstances and upon certain conditions. The rationale of AGO 047-234 applies with continued efficacy to existing statutory law controlling the question at hand. If, however, any other person, group, or organization was, in fact, operating such vending machines or stands in or on county buildings or on county property by official agreement with the board of county commissioners at the time s. 2, Ch. 65-227, Laws of Florida (which added subsection[2] to s.413.051), took effect 60 days after the final adjournment of the 1965 regular session of the Legislature (see s. 18, Art. III, State Const. 1885), and such operations have been continuously and uninterruptedly carried on thereafter and to date, then they would be authorized by the terms of s. 413.051(2), as amended, to continue such operations, but not otherwise.
Prepared by:
Joslyn Wilson Assistant Attorney General