Mr. Kenneth B. Cuyler Collier County Attorney Collier County Courthouse 3301 Tamiami Trail East Building F Naples, Florida 339632-4976
Dear Mr. Cuyler:
You ask on behalf of the Collier County Commission substantially the following question:
May the board of county commissioners of noncharter county, pursuant to section 112.061(7), Florida Statutes, (1988 Supplement) and Chapter 125, Florida Statutes (1988 Supplement), authorize and approve monthly allowances for the use of privately owned vehicles by county employees for official business based upon administrative, budgetary, and general welfare factors not specifically enumerated in section 112.061(7), Florida Statutes (1988 Supplement)?
In sum:
It is within the discretion of the board of county commissioners to authorize fixed monthly allowances for the use of privately owned vehicles by county employees for official business. Such allowances, however, must be reasonable, taking into account those factors enumerated in section 112.061(7)(f), Florida Statutes (1988 Supplement).
Section 1(f), Article VIII, Florida Constitution, provides:
"Counties not operating under county charters shall have such power of self-government as is provided by general or special law. The board of county commissioners of a county not operating under a charter may enact, in a manner prescribed by general law, county ordinances not inconsistent with general or special law . . . ."
This constitutional guarantee of home rule power for non-charter counties is codified in s. 125.01(1), F.S. (1988 Supp.), which provides that "[t]he legislative and governing body of a county shall have the power to carry on county government. To the extent not inconsistent with general or special law. . . ." In Speer v.Olson,[1] The Supreme Court of Florida determined that section125.01(1), Florida Statutes (1988 Supplement), quoted above, grants the governing body of a county full power to carry on county government and "[u]nless the Legislature has preempted a particular subject relating to county government by either general or special law, the county governing body . . . has full authority to act through the exercise of home rule power."[2]
Thus, the governing body of a non-charter county, such as Collier County, may act through its home rule power, except in those areas where the Legislature has preempted a particular subject.[3]
You state that the Collier County Commission has determined that providing a monthly allowance to public employees for the use of their private automobiles in carrying out their public duties is less expensive than purchasing county automobiles. The monthly allowance, however, is greater than the statutorily prescribed reimbursement for mileage.
In section 112.061, Florida Statutes (1988 Supplement), the Legislature provides a uniform method for the reimbursement of public officers, employees, and authorized persons whose travel expenses are paid by a public agency.[4] To preserve the uniformity of reimbursement for travel expenses, section112.061(1)(b), Florida Statutes (1988 Supplement) states:
"1. The provisions of this section shall prevail over any conflicting provisions in a general law, present or future, to the extent of the conflict; but if any such general law contains a specific exemption from this section, including a specific reference to this section, such general law shall prevail, but only to the extent of the exemption.
2. The provisions of any special or local law, present or future, shall prevail over any conflicting provisions in this section, but only to the extent of the conflict."
Thus, section 112.061, Florida Statutes (1988 Supplement), sets forth the method, prescribed by general law, by which public officers, employees and authorized persons are reimbursed for travel expenses.
Section 112.061(7), Florida Statutes (1988 Supplement), requires that all travel be by a usually traveled route. Furthermore, the agency head must determine the most economical method of travel for each trip, considering:
"1. The nature of the business.
2. The most efficient and economical means of travel considering time of the traveler, cost of transportation, and per diem or subsistence required.
3. The number of persons making the trip and the amount of equipment or material to be transported."[5]
The use of a privately owned vehicle for official travel in lieu of a publicly owned vehicle or common carrier may be authorized by the agency head.[6] Furthermore, section 112.061(7)(d), Florida Statutes (1988 Supplement), provides:
"Whenever travel is by privately owned vehicle, the traveler shall be entitled to a mileage allowance at a fixed rate of 20 cents per mile or the common carrier fare for such travel, as determined by the agency head. Reimbursement for expenditures related to the operation, maintenance, and ownership of a vehicle shall not be allowed when privately owned vehicles are used on public business and reimbursement is made pursuant to this paragraph, except as provided in subsection (8)."[7]
Section 112.061(7)(f), Florida Statutes (1988 Supplement), however, states:
"The agency head may grant monthly allowances in fixed amounts for use of privately owned automobiles on official business in lieu of the mileage rate provided in paragraph(d). Allowances granted pursuant to this paragraph shall be reasonable, taking into account the customary use of the automobile, the roads customarily traveled, and whether any of the expenses incident to the operation, maintenance, and ownership of the automobile are paid from funds of the agency or other public funds. Such allowance may be changed at any time, and shall be made on the basis of a signed statement of the traveler, filed before the allowance is granted or changed, and at least annually thereafter. The statement shall show the places and distances for an average typical month's travel on official business, and the amount that would be allowed under the approved rate per mile for the travel shown in the statement, if payment had been made pursuant to paragraph (d)."[8]
Thus, the governing body of the county, as the agency head, has discretion to grant fixed monthly allowances to reimburse travel expenses for privately owned vehicles used for official business. While there are no specifically enumerated criteria which must be considered when an agency head exercised discretion to grant a fixed monthly allowance, the agency head must designate the most economical method of travel for each trip.[9] In determining the amount of the fixed monthly allowance, however, the statute requires that such amount be "reasonable," taking into account the customary use of the automobile, the roads customarily traveled, and whether expenses incident to the operation, maintenance and ownership of the automobile are paid from public funds.
Where the Legislature has expressly enumerated those things which must be considered in determining a reasonable fixed monthly allowance, no other factors should be included.[10] Furthermore, as evidenced by the express intent of this legislation, the purpose of section 112.061, Florida Statutes (1988 Supplement), is to establish standard and uniform procedures to reimburse public officers and employees for travel expense.[11]
Therefore, it is my opinion that the governing board of the county, as the agency head, has discretion to grant a fixed monthly allowance in lieu of the prescribed mileage rate. The fixed amount, however, must be reasonable, taking into account those factors enumerated in section 112.061(7)(f), Florida Statutes (1988 Supplement).
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] 367 So.2d 207 (Fla. 1978).
[2] Id. at 211.
[3] See, Davis v. Gronemeyer, 251 So.2d 1 (Fla. 1971) (where state law preempts a field, local government may not legislate on the same subject). Cf., City of Miami Beach v. Rocio
Corporation, 404 So.2d 1066 (Fla. 3d DCA 1981) (municipal ordinances are inferior to state law and must fail when conflict arises).
[4] See, s. 112.061(1), Fla. Stat. (1988 Supp.), stating:
"There are inequities, conflicts, inconsistencies, and lapses in the numerous laws regulating or attempting to regulate traveling expenses of public officers, employees, and authorized persons in the state. It is the intent of the Legislature:
(a) To remedy same and to establish uniform maximum rates, and limitations, with certain justifiable exceptions, applicable to all public officers, employees, and authorized persons whose travel expenses are paid by a public agency."
[5] Section 112.061(7)(a), Fla. Stat. (1988 Supp.).
[6] Section 112.061(7)(d)1., Fla. Stat. (1988 Supp.).
[7] Id. Section 112.061(8), Fla. Stat. (1988 Supp), sets forth incidental travel expenses which the traveler may be reimbursed, such as taxi fare, ferry fares, road, bridge and tunnel tolls, storage or parking fees, communication expense, and convention registration fees for conventions serving a direct public purpose.
[8] See, s. 112.061(7)(g), Fla. Stat. (1988 Supp.), prohibiting contracts between a public officer or employee, or any other person, and a public agency, in which depreciation allowance is used in computing the amount due by the agency to the individual for the use of a privately owned vehicle.
[9] See, s. 112.061(7)(a), Fla. Stat. (1988 Supp.).
[10] Towerhouse Condominium, Inc. v. Millman, 475 So.2d 674
(Fla. 1985) (general rule of statutory construction is that mention of one thing implies the exclusion of another).
[11] See, s. 112.061(1), Fla. Stat. (1988 Supp.), supra.