137 So.2d 232 (1962)
Erlen L. HUNT et Ux., Appellants,
v.
George A. SMITH et al., Appellees.
No. 2323.
District Court of Appeal of Florida. Second District.
January 24, 1962.
Rehearing Denied February 16, 1962.
*233 J.E. Satterfield, of Satterfield & Stamathis, Tarpon Springs, for appellants.
James J. Altman, New Port Richey, for appellees.
SMITH, Judge.
The Appellants, as plaintiffs, brought this action praying that the court determine whether or not the defendants, the appellees here, have or will have a right to a way of necessity across plaintiffs' lands. In its decree, the court found that the defendants had not made any demand for a way of necessity across plaintiffs' property and that the court did not have the power to determine whether or not the defendants will in the future have a right to a way of necessity across the property of the plaintiffs and that the action was premature.
The appellees have not filed a brief in this cause. We again point out the fact that it is the duty and responsibility of an attorney representing an appellee to submit to this court, in the form of a brief, the facts and the law of the case. Failure to do so may result in this court's reversal through oversight of a point, and it places a burden on this court, which should be carried by counsel for the parties.
Section 704.01(1) of the Florida Statutes, F.S.A. recognizes, adopts, and clarifies the common law rule of an implied grant of a way of necessity. However, this way exists only where there formerly existed a unity of title from a common source other than the original grant from the state or Federal government. The complaint here alleges that there was never any common source of title of the two parcels of property, so the complaint shows on its face that there was no justiciable issue with respect to that type of way.
Section 704.01(2) of the Florida Statutes, F.S.A. is a grant of a statutory way of necessity exclusive of any common law way. This section declares that a way of necessity exists when any lands outside any municipality which is being used or desired to be used as a dwelling or for agricultural or for timber raising or cutting or stockraising purposes is shut off so that no practicable route is available to the nearest practicable road. Under such circumstances, the owner may use an easement for the purposes enumerated over the lands intervening between his lands and such road. Thus, it may be seen from the language of the statute that the statutory way of necessity exists only when the lands are being used or desired to be used for the *234 purposes specified in the statute. One of the prerequisites to invoking the jurisdiction of the courts for a declaratory decree is that the declaration should deal with a present, ascertained or ascertainable state of facts, May v. Holley, Fla. 1952, 59 So.2d 636. Whether or not the defendants, or their subsequent title holders, may desire to use their lands for the purposes enumerated in the statute and to thereby bring into operation the statute dealing with the statutory way of necessity is not a presently ascertainable matter.
Finding no error, the decree is affirmed.
SHANNON, C.J., and ALLEN, J., concur.