151 So.2d 869 (1963)
George E. MILLER, Executor, Estate of George Francis Miller, Deceased, Appellant,
v.
Mabel Willson MILLER, Appellee.
No. 3425.
District Court of Appeal of Florida. Second District.
April 10, 1963.
*870 William H. Pruitt of Earnest, Pruitt & Schulle, West Palm Beach, for appellant.
Daniel Downey, Jr., of Paty, Downey & Lewis, West Palm Beach, for appellee.
SMITH, Judge.
The plaintiff, appellee here, filed her complaint in chancery for declaratory relief under the provisions of Chapter 87, Florida Statutes, F.S.A., alleging that she is the widow of George Francis Miller, who died testate in Palm Beach County. The plaintiff alleged that she and the decedent had entered into a prenuptial agreement pursuant to which the parties agreed that each would retain his or her own estate and property; that each may encumber, sell, dispose, give, or provide by will for the disposition of any and all of his or her own property; and that the estate of each would descend or be disposed of by his or her will, free and clear of any claim by inheritance, dower, curtesy, maintenance or any claim otherwise given by law to a husband or wife. The plaintiff then asserted that the said agreement is not enforceable against her because she executed the same against her free will, by reason of certain alleged facts. She alleged further that she executed the agreement without benefit of counsel and that the decedent did not disclose to her his assets or their value. It was alleged that the plaintiff was in doubt as to her rights, privileges and immunities under the agreement; that she has elected to declare the agreement void, and that the defendant (executor of her husband's estate) maintains that she is bound by the agreement. The complaint prayed that the agreement be declared void and that the court grant general relief.
The defendant executor moved to dismiss upon the grounds, inter alia, that (1) the complaint failed to state a cause of action; *871 (2) the complaint failed to state a claim upon which the relief sought might be granted; and, (3) the court was without jurisdiction of the subject matter. The court denied the motion, whereupon the defendant took this interlocutory appeal. We find that the complaint failed to state a cause of action.
The circuit court had jurisdiction of the subject matter. See In re Estate of Guze, Fla.App. 1959, 109 So.2d 170; Johnson v. Johnson, Fla.App. 1962, 140 So.2d 358. As to whether or not the complaint states a cause of action, it is noted that the complaint fails to allege facts to show that there is a justiciable controversy. The complaint does not allege that the defendant, or any other person, has asserted any rights under the agreement. Although the plaintiff alleges that her husband is dead and that the defendant is the executor of his estate, which is being administered in the County Judge's Court of Palm Beach County, the plaintiff fails to allege that she has filed her election to take dower in the probate proceedings. Section 731.35, Florida Statutes, F.S.A., provides that, in order to take dower, a widow must so elect by an instrument in writing, filed in the probate proceedings within nine months after the first publication of the notice to creditors. In the absence of such an election, dower may not be assigned to a widow. The courts will not answer a question by way of declaratory relief unless the pleadings allege facts showing that the question then exists; and where the pleadings indicate the possibility that the question will never arise, the courts will deny declaratory relief. Geistman v. Zimmerman Trusts, Fla. App. 1961, 126 So.2d 576; Grable v. Hillsborough County Port Authority, Fla.App. 1961, 132 So.2d 423. The plaintiff further alleges that the prenuptial agreement provided that each of the parties may encumber, sell, dispose or give any and all of their property without the consent of the other. The plaintiff fails to allege whether or not any such property had been so conveyed by her husband during his lifetime without her joinder or consent. In the event any such property had been so conveyed, then those claiming title to such property would be necessary parties. A complaint for a declaratory decree should clearly allege facts setting out who the persons are who have or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law: and all of such persons should be before the court by proper process in order that it should affirmatively appear that "the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity." May v. Holley, Fla. 1952, 59 So.2d 636, 639.
The complaint failed to state a cause of action, and the motion to dismiss should have been granted, with leave to the plaintiff to amend.
Reversed.
SHANNON, C.J., and ALLEN, J., concur.