WHITE, Judge.
Plaintiff appeals an order dismissing his complaint for declaratory decree with prejudice. Plaintiff is the owner and operator of a restaurant known as “Benoit’s” located in Pinellas County which in the past has been operated as a restaurant and as a so-called bottle club. Prior to the passage of a 1963 Special Act applicable only to Pinellas County,[1] plaintiff sold his patrons ice, water and set-ups and permitted storage of alcoholic beverages on his premises and permitted his patrons to bring their own alcoholic beverages onto his premises at any hour. Plaintiff did not sell alcoholic beverages.
Upon being informed by the sheriff’s department that his method of operation was contrary to the provisions of the Special Act, plaintiff contemplated revision of his business in order to continue operation in a similar fashion, but avoiding the requirements that he close his establishment at 2:00 A.M. He proposed to operate his business as follows: He intended to remain open at all hours of the day and night, seven days a week. He contemplated furnishing musical entertainment for which he would exact a pecuniary charge for admission at the entrance of his establishment. This charge would be solely for the furnishing of musical entertainment. He contemplated permitting patrons to carry onto his premises alcoholic beverages to be consumed on such premises. He intended furnishing free of charge any products, articles or set-ups for use by his patrons on the premises. Each patron would be notified at the door that plaintiff was under no obligation or duty to furnish the patrons with “any products, article, service or thing of value of any kind or description whatsoever other than musical entertainment.”
The complaint alleged that plaintiff was informed by the Sheriff’s Department that if he operated as aforesaid after the hour of 2:00 A.M. he would be arrested and prosecuted under the new special act. Count I alleged, inter alia, that if plaintiff is required to close his establishment under the new act he will suffer great economic loss and will be irreparably harmed by loss of time and capital invested. Plaintiff expressed doubt as to his rights, status, immunity and privileges under the act and *56 averred that he was without remedy at law. He averred that in view of the imminent danger of his arrest under said legislative enactment with the attendant expense, embarrassment and interruption of his lawful occupation, the court should take jurisdiction of the cause, enter its declaratory decree and enjoin defendants from bringing any criminal prosecution against the plaintiff. Count II realleged the allegations of Count I and in addition expressed doubt as to whether or not plaintiff’s' business is within the definitions contained in Section 2 of the act, and whether Section 3 of the act applied to him. Plaintiff expressed doubt as to the applicability of the section pertaining to closing hours and prayed for a declaratory decree and injunctive relief.
The portions of the act material to this case are as follows:
“Section 2. Definitions.
“For the purposes of this act the following definition of terms shall prevail.
“(1) The term ‘business establishment’ shall include any place, such as golf club, grocery store, drugstore, nightclub, hotel, cafe, bottle club, bar, restaurant, grill, filling station or location where:
;Jí sj;
“(b) A product or article, for a consideration is sold, dispensed, served or provided, with the knowledge, actual or implied, that the same will be, or is intended to be mixed, combined with, or drunk in connection or combination with an alcoholic beverage.
sj: ‡ ^
“Section 3. Closing Hours.
“(1) All business establishments in Pinellas County licensed or unlicensed dealing in alcoholic beverages, public or private, either directly or indirectly shall remain closed from the hour of 2:00 a. m. to 8:00 a. m. on each day of the week except Sunday.
“(2) All such business establishments shall remain closed on each Sunday from the hour of 2:00 a. m. to 1:00 p. m.”
A temporary restraining order issued and was later dismissed pursuant to the following reasoning of the chancellor:
“Restraining order was entered herein under date of July 9, 1963, by the undersigned, within which the defendants were enjoined from enforcing the recently enacted legislation covering the matter of hours affecting places wherein alcoholic beverages are sold or consumed, bottle clubs, etc. Such restraining order was made returnable to even date, at which time there is in attendance upon the Court counsel representing plaintiff and defendants herein.
“Defendants took the position as a matter of law that the Court did not have jurisdiction to enter an order of this kind which would manacle the defendants in the enforcement of the criminal laws of the State of Florida, absent irreparable injury being shown. In the instant case he contended that such a showing was not made.
“In examining the complaint herein and the Act to which reference has heretofore been made the Court observes that equity will look to the substance and not to the form. The purpose of a legislative enactment must be examined in the light of the mischief to be corrected and the objective to be accomplished. It is the opinion of this Court that from the statements made in the complaint, placed in juxtaposition with the Act, that the method or device as proposed by the plaintiff is a thinly veiled disguise to circumvent the law and to do indirectly that which the plaintiffs cannot do directly.
*57 “IT IS, THEREFORE, THE ORDER, JUDGMENT AND DECREE of this Court that the restraining order or temporary injunction as herein ordered be and the same is hereby dismissed.”
The cause was dismissed and plaintiff brought this appeal.
It is notable that the plaintiff sought judicial definition of the act without any attack on its substantive constitutionality or the constitutional sufficiency of the title.[2] The chancellor therefore proceeded on the assumption that the act is constitutional. It is clear that the plaintiff merely wished the chancellor to define a method by which he could operate a bottle club in futuro without coming under the restrictions of the act. Plaintiff composed his points on appeal so as to obtain the same declaratory relief that he sought unsuccessfully below. The only question as we see it, however, is whether the chancellor erred in dismissing the cause on the grounds expressed in his opinion. We find no error and affirm.
One of the prerequisites for obtaining a declaratory decree is that the declaration must deal with a present ascertained or ascertainable state of .facts. Hunt v. Smith, Fla.App.1962, 137 So.2d 232. The courts will not answer a question by way of declaratory relief unless the pleadings allege facts showing that a bona fide question then exists. Miller v. Miller, Fla. App.1963, 151 So.2d 869. This is especially true where, as here, the plaintiff seeks judicial sanction of a prospective modus operandi designed to circumvent the import of the regulatory act.
Affirmed.
ALLEN, Acting C. J., and SHANNON, J., concur.

. Chapter 63-1790, Laws of Florida, 1963 entitled as follows:
“An Act relating to the establishment of uniform closing hours for all businesses within Pinellas County, Florida, dealing with alcoholic beverages: Providing regulations therefor: Providing for municipalities within Pinellas County to establish shorter opening hours: Providing exceptions: Providing penalty for violation: Repealing Chapter 29419, Laws of Florida, 1953, Chapter 29418, Laws of Florida, 1953, Chapter 26463, Laws of Florida, 1949, and Chapter 26150, Laws of Florida, 1949; Providing for an effective date.”

. See e. g. Section 16, Article III, Constitution of the State of Florida, F.S.A.; Segal v. Simpson, Fla.1960, 121 So.2d 790.