ALLEN, Acting Chief Judge.
This cause occurs upon appeal from a final declaratory decree directly passing upon the validity of a state statute, Section 3, Chapter 61-648, Laws of Florida 1961, and declaring said statute unconstitutional. The single issue presented is whether the complaint in the cause stated a case cognizable under Florida’s Declaratory Judgments Act, Chapter 87, Florida Statutes, 1961.[1]
In early 1962 appellee Baker, an attorney in Pinellas County, filed complaint for a judicial declaration as to the validity of Chapter 61-648, Laws of Florida 1961. The latter act, applicable to Pinellas County, created small claims courts in each justice of the peace district in the county, provided that they have jurisdiction over claims not in excess of $300 and further provided that the duly qualified justice of the peace in each district should act as judge of the small claims court therein. Appellee’s complaint, after proper allegations with respect to the operation of the Act, suggested that so much thereof as empowered justices of the peace to act as judges of the small claims court was in conflict with constitutional and statutory limitations upon the jurisdiction of justices of the peace. As a predicate for declaratory relief, appellee alleged that the aforementioned conflict and the additional fact that four of Pinellas County’s justices of the peace were exercising the jurisdiction conferred by the Act while a fifth declined to do so, gave rise to substantial doubt and confusion. Specifically, appellee alleged that the confusion created an intolerable burden upon the judicial system of the county and that he, as an attorney, was in doubt as to how to advise his clients where they might sue, as to where to file suits for his clients and as to the validity of any judgments entered consequent upon exercise of the enlarged jurisdiction conferred by the Act. Designating the county’s several justices of the peace as defendants, appellee asked that the lower court enter a decree “construing and determining the constitutionality of [chapter 61-648] * *
Two of the defendant justices of the peace responded to the complaint with motions to dismiss, contending that the complaint set forth no actual existing controversy between known parties, but sought merely to resolve an abstract question of law. These motions were denied and even *68 tually the aforementioned final decree was entered. By timely appeal, two of the defendant justices of the peace challenge the lower court’s refusal to dismiss the complaint.
The Declaratory Judgments Act, Chapter 87, Florida Statutes, F.S.A., has been the subject of numerous opinions from the appellate courts of this state and the several factors necessary to activate a court’s jurisdiction under the statute have been the object of considerable repetition. E. g. May v. Holley, Fla.1952, 59 So.2d 636; Ready v. Safeway Rock Company, 1946, 157 Fla. 27, 24 So.2d 808; Colby v. Colby, Fla.App.1960, 120 So.2d 797. No useful purpose could be served by contributing further to this already substantial body of case law. For present purposes we need consider only one of the necessary ingredients of a case cognizable under Chapter 87, the ingredient implicit in the observation that the Act was designed to provide relief when “technical or social advances have tended to obscure or place in doubt one's rights, immunities, status or privileges”[2] and explicit in the statement that proceedings under the Act are appropriate when “some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts.”[3] To sustain an action for declaratory relief the complaining party must demonstrate that he has a judicially cognizable, bona fide and direct interest in the result sought by the action. State Department of Public Welfare v. Melser, Fla.1953, 69 So.2d 347; Miami Water Works Local No. 654 v. City of Miami, 1946, 157 Fla. 445, 26 So.2d 194, 165 A.L.R. 967; Guernsey v. Haley, Fla.App.1958, 107 So.2d 184. Allegations sufficient to indicate that the complaining party’s rights or privileges are in doubt or jeopardy are of particular necessity when a judicial declaration that a law is unconstitutional is sought. Cf. State ex rel. McClure v. Sullivan, Fla.1949, 43 So.2d 438; State ex rel. Watson v. Kirkman, 1946, 158 Fla. 11, 27 So.2d 610.
 The allegations of the complaint in this cause do not indicate facts sufficient to permit appellee to maintain the action. While we recognize, and indeed insist, that lawyers should be interested in and have certain responsibilities with respect to effective judicial administration, we do not recognize the appellee attorney as having any rights, privileges, powers or immunities different in kind than those of all citizens who are in doubt as a consequence of Chapter 61-648 and the varying interpretations given the Act by the several justices of the peace. While any uncertainty or confusion in the law may be of more immediate concern to an attorney than to a layman, an attorney has no particular or special interest in the law’s certainty which would, on the basis of this hypothetical interest alone, permit him to maintain a declaratory action to resolve the uncertainty.
Any confusion with respect to the proper forum in which to litigate and effectively resolve small claims in Pinellas County casts doubt upon the rights and privileges of those possessed of or liable upon such claims. Appellee does not allege that he occupies either status. In effect, the complaint in this cause suggests the existence of doubt as to the rights of unidentified and, at best, potentially existent parties and it seeks, in this abstract context, a declaration of the rights of theoretical persons. It does not state a case cognizable under Chapter 87 of the Florida Statutes, F.S.A. See State Department of Public Welfare v. Melser, supra.
*69 The decree appealed is reversed and the cause remanded with directions that the complaint he dismissed.
Reversed and remanded.
SHANNON, J., and SMITH, D. C., Associate Judge, concur.

. For the benefit of those who may, at this point, have some misgivings about our jurisdiction, we deem it appropriate to point out that although Article V of the Constitution of Florida, F.S.A., provides that the Supreme Court has jurisdiction in appeals from “final * * * decrees directly passing upon the validity of a state statute * * * ” that Court has determined that it has jurisdiction in such cases only when review of that aspect of the decree which passed upon the validity of a statute is sought. When, as in the case sub judice, the chancellor’s determination with .respect to a statute’s validity is not presented for review, jurisdiction is in the appropriate District Court of Appeal. City of Miami v. Steckloff, Fla.1959, 111 So.2d 446.

. Ready v. Safeway Rock Co., 1946, 157 Fla. 27, 30, 24 So.2d 808, 809. (Emphasis added.)

. May v. Holley, Fla.1952, 59 So.2d 636, 639. (Emphasis added.)