LILES, Judge.
Pursuant to the provisions of Chapter 150, Fla.Stats., F.S.A., the Board of County Commissioners of Pinellas County voted to establish a free county library system and levied a one-half mill tax on all property in the county not already being taxed for public library purposes. Appellees filed an action for declaratory relief under the provi *511 sions of Chapter 87, Fla.Stats., F.S.A., attacking the actions of the Board of County Commissioners in levying the tax and the constitutionality of Chapter 150, Fla.Stats., F.S.A.
Appellants filed a motion to dismiss ap-pellees’ complaint on the grounds that it failed to show that two of the appellees, the Town of Belleair Shore and the Town of Belleair, had any direct interest in the matter. Appellants also alleged that the complaint failed to show that the other ap-pellee, R. Samuel Rileigh, had standing to bring the suit either individually or for all the taxpayers of Pinellas County. The motion to dismiss was denied by the lower court, and appellants brought this interlocutory appeal.
Appellants contend first that it was error to deny their motion to dismiss as to the Town of Belleair Shore and the Town of Belleair because the complaint did not show these municipalities had a direct interest in the relief sought. In an action for declaratory relief the complaining party must demonstrate that it has a judicially cognizable, bona fide and direct interest in the result sought by the action. McNevin v. Baker, Fla.App.1964, 170 So.2d 66. The complaint does not show such an interest on the part of the two municipalities. It does not allege that city owned property will be subj ect to the tax, nor that the city will be called upon to collect or otherwise administer the tax. In short, the complaint does not allege that any immunity, power, privilege or right of either municipality is dependent upon the alleged facts or the law applicable to those facts. See May v. Holley, Fla.1952, 59 So.2d 636. Thus, the lower court should have granted appellants’ motion to dismiss as to the Town of Belleair Shore and the Town of Belleair.
The remaining appellee, R. Samuel Ri-leigh, brought suit on behalf of himself “and all other taxpayers of Pinellas County, Florida, similarly situated,” and alleged that he was a resident of Pinellas County and the owner of property in the county subject to ad valorem taxes. Rileigh alleged further that
“ * * * he, as well as all of the other taxpayers in the unincorporated areas of the county, as well as taxpayers in certain municipalities within the county, will be adversely affected by the actions of the Board of County Commissioners of Pinellas County. * * * ”
Appellants urge that it was error to deny their motion to dismiss the complaint because Rileigh failed to allege that his property was subject to the tax levied and failed to allege any pecuniary injury to himself. Based upon the principle laid down in Port Royal, Inc. v. Conboy, Fla.App.1963, 154 So.2d 734, we cannot agree with this argument and assert that R. Samuel. Rileigh is properly in court on behalf of himself and all other taxpayers of Pinellas County, Florida, similarly situated.
Section 87.02, Fla.Stats., F.S.A., authorizes a declaratory action by a person “whose rights, status or other equitable or legal relations áre affected by a statute, or any regulation made under statutory authority * * There can be no doubt that the tax levied pursuant to § 150.08, Fla.Stats.,. F.S.A., falls within this category. Rileigh alleged that he owned property in the Town of Belleair Shore subject to ad valorem taxes. Section 150.08(1), Fla.Stats., F.S.A.,. authorizes the Board of County Commissioners to levy an annual tax on all taxable property within the county not already taxed for library purposes. The complaint alleged that the Town of Belleair Shore did not levy an ad valorem tax for library purposes and that the tax levied by the Board of County Commissioners would fall upon taxpayers owning property within the corporate limits of that town. We feel these-statements are sufficient to allege that the-tax in question will be levied on property-owned by Rileigh and to show a “[right], status or other equitable or legal [relation]” affected by the tax within the meaning of Chapter 87, Fla.Stats., F.S.A. The lower *512 court properly denied appellants’ motion to dismiss as to Rileigh.
Reversed in part and affirmed in part.
SHANNON, Acting C. J., and KAN-NER, (RET.), J., concur.