PIERCE, Judge.
This is an apeal from a final declaratory decree entered by the Hillsborough County Circuit Court adjudicating to be void and invalid a rule and regulation promulgated by the Florida State Board of Dispensing Opticians, created under F.S. Ch. 484, F. S.A.
The Rule in question (Rule 245-1.03) imposes a limitation on the place of optical dispensing, by providing that—
“A Dispensing Optician shall not do Optical Dispensing in any establishment where the annual gross sales of other than Optical merchandise or hearing aids is more than 25%.”
After including a grandfather clause, the Rule goes on to state that—
“It is not the intent of this Board to see the skillful trade or occupation of Dispensing Optician used as a loss-leader to encourage ' the sales of other types of merchandise or skills.”
John O. Bayne and Maurice Hoffman, non-residents of Florida, filed suit in the Hillsborough County Circuit Court against the Board and the members thereof, seeking a declaratory decree holding said Rule 245-1.03 to be illegal and unconstitutional. The plaintiffs alleged in their complaint that they had offered “to lease, operate and employ duly licensed opticians[1] in an optical department in Burdine’s Miami Store” for a one year period, that said “offer was accepted” by Burdine’s, but that both the offer and acceptance were contingent upon the lawful right of plaintiffs “to operate *36 such optical department”. They averred that Burdine’s store came within the ban of Rule 245-1.03 in that its annual gross sales of other than optical merchandise or hearing aids was more than 25% of the total, and that plaintiffs were “injured by the existing rule” and were “unable to employ licensed opticians”. Numerous grounds of invalidity of said Rule were asserted relating to “public safety, health and welfare”.
The “offer” was contained in a letter written from Detroit, Michigan,- on July 14, 1966, signed by Bayne and Hoffman and addressed to Burdine’s, wherein they offered to lease and operate for a period of one year an optical department in Bur-dine’s Miami Store, upon payment to (Bur-dine’s) “of an amount at least equal to seventeen and one-half (17)4,%) per cent of gross receipts”. The letter then goes on to state that such offer “is contingent upon our (Bayne and Hoffman) securing the lawful right to operate such optical department and upon our reaching with you (Bur-dine’s) a mutual agreement concerning other conditions to be a part of the agreement.” A short typewritten acceptance of “the above offer” was appended at the bottom of said letter by Burdine’s.
By answer, the State Board denied invalidity of the rule in question, and either denied or disclaimed knowledge of all other factual allegations of the complaint.
At the hearing, Hoffman[2] testified he lived in Detroit, Michigan, where he had been a practicing optometrist for 36 years and that Bayne had been an optician in Detroit for over 30 years. Neither of them was licensed in Florida, either as an optometrist or as an optician or otherwise.
Hoffman admitted that the offer and acceptance was contingent upon the plaintiffs “securing the lawful right to operate such an optical department, and upon * * * reaching a mutual agreement with them (meaning Burdine’s) concerning the conditions to be part of the agreement”. He admitted the only agreement they had in writing with Burdine’s was the “Exhibit A” letter attached to the complaint. He also testified that it was their “intention to hire” a dispensing optician licensed under Florida law to do the actual optical work at Bur-dine’s at such time as the requirements of Rule 245-1.03 aforesaid could be overcome and they, or at least he, passed the examination of the defendant Board.
There was no showing that either Bayne or Hoffman had employed a licensed optician or even attempted so to do. Elaborate testimony was adduced to define and explain the duties of a licensed optician under Florida law and to delineate the scope of the practice of opticianry. But in view of our disposition of this appeal it is unnecessary to review such testimony.
The Circuit Judge entered final decree holding said Rule 245-1.03 to be void because it “did not bear such reasonable relationship to the police power as to establish its validity”. No mention was made as to the status of Bayne and Hoffman, or lack of it, before the Court to bring the suit. The Board appeals the decree to this Court and argues here the sole proposition that under the facts before the Court, considered in the light of the declaratory judgment act and the decisions construing it, plaintiffs were without standing to bring the suit. We agree and reverse.
The test of the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining such a declaratory decree of rights in accordance with his theory, but whether he is entitled to a declaration of rights at all. Rosenhouse v. 1950 Spring Term, etc., Fla.1952, 56 So.2d 445. To the same effect, see Platt v. General Development Corp., Fla.App.1960, 122 So.2d 48; Hankins v. Title & Trust Co. of Fla., Fla.App.1964, 169 So.2d 526; Modernage Furniture Corp. v. Miami Rug Co., Fla. 1955, 84 So.2d 916; *37 and Johnson v. Thoburn, Fla.App.1964, 160 So.2d 729.
In an action for 'declaratory relief, the complaining party must demonstrate that it has a judicially cognizable, bona fide, and direct interest in the result sought by the action. Pinellas County v. Town of Belleair Shore, Fla.App. 1965, 180 So.2d 510.
In Miller v. Miller, Fla.App.1963, 151 So.2d 869, this 2nd District Court held:.
“The courts will not answer a question by way of declaratory relief unless the pleadings allege facts showing that the question then exists; and where the pleadings indicate the possibility that the question will never arise, the courts will deny declaratory relief. Geistman v. Zimmerman Trusts, Fla.App.1961, 126 So.2d 576; Grable v. Hillsborough County Port Authority, Fla.App.1961, 132 So. 2d 423.” (Emphasis supplied)
In Perry v. Genung, Fla.App.1964, 163 So.2d 54, this Court also held ':
“One of the prerequisites for obtaining a declaratory decree is that the declaration must deal with ' a present ascertained or ascertainable state of facts. Hunt v. Smith, Fla.App.1962, 137 So.2d 232. The courts will not answer a question by way of declaratory relief unless the pleadings allege facts showing that a bona fide question then exists. Miller v. Miller, Fla.App.1963, 151 So.2d 869. This is especially true where, as here, the plaintiff seeks judicial sanction of a prospective modus operandi designed to circumvent the import of the regulatory act.” (Italics in text).
Again, in McNevin v. Baker, Fla.App. 1964, 170 So.2d 66, this Court commented:
“The Declaratory Judgments Act, Chapter 87, Florida Statutes, F.S.A., has been the subject of numerous opinions from the appellate courts • of this state and the several factors necessary to activate a court’s jurisdiction under the statute have been the object of considerable repetition. E. g. May v. Holley, Fla.1952, 59 So.2d 636; Ready v. Safeway Rock Company, 1946, 157 Fla. 27, 24 So.2d 808; Colby v. Colby, FlaApp. 1960, 120 So.2d 797. No useful purpose could be served by contributing further to this already substantial body of case law. For present purposes we need consider only one of the necessary ingredients of a case cognizable under Chapter 87, the ingredient implicit in the observation that the Act was designed to provide relief when ‘technical or social advances have tended to obscure or place in doubt one’s rights, immunities, status or privilege’ and explicit in the statement that proceedings under the Act are appropriate when ‘some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts.’ [Citing in the margin May v. Holley, Fla.1952, 59 So.2d 636, 639.] To sustain an action for declaratory relief the complaining party must demonstrate that he has a judicially cognizable, bona fide and direct interest in the result sought by the action. State Department of Public Welfare v. Melser, Fla.1953, 69 So.2d 347; Miami Water Works Local No. 654 v. City of Miami, 1946, 157 Fla. 445, 26 So.2d 194, 165 A.L.R. 967; Guernsey v. Haley, Fla.App. 1958, 107 So.2d 184. Allegations sufficient to indicate that the complaining party’s rights or privileges are in doubt or jeopardy are of particular necessity when a judicial declaration that a law is unconstitutional is sought. Cf. State ex rel. McClure v. Sullivan, Fla.1949, 43 So.2d 438; State ex rel. Watson v. Kirkman, 1946, 158 Fla. 11, 27 So.2d 610.” (Italics in text).
And in May v. Holley, Fla.1952, 59 So. 2d 636, the Supreme Court laid down the rule as follows:
“Before any proceeding for declaratory relief should be entertained it should be clearly made to appear. that there is a bona fide, actual, present practical need *38 for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts' or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity. These elements are necessary in order to maintain the status of the proceeding as being judicial in nature and therefore within the constitutional powers of the courts.
******
“It will also be noted that the statute provides that the Circuit Courts ‘may’ render declaratory decrees. Thus the entertainment of the proceeding and the granting or withholding of relief becomes a matter for the exercise of a sound judicial discretion in each case. Abuses under the statute may be avoided by the dismissal of those cases which do not come clearly within the limitation upon the judicial power above stated.” (Emphasis supplied)
In the case sub judice, the plaintiffs were without sufficient legal status to require a declaratory decree of the Court. They were both non-residents of Florida. Neither of them had a license from defendant Board to practice opticianry in Florida. So far as the record shows, neither of them had ever so practiced in Florida or, for that matter, had ever lived in the State. All they had to support their claim of right to a declaratory decree was a vague letter they had allegedly written to Bur-dine’s in Miami containing a tentative offer to operate an optical department in Bur-dine’s Miami Store. This tentative offer was “contingent” upon plaintiffs “securing the lawful right to operate” and also upon their “reaching * * * a mutual agreement concerning other conditions” relative to the operation. The acceptance by Bur-dine’s of the foregoing offer was without significance because the offer itself was strictly conditional and manifestly ambiguous. The record reflects the irresistible conclusion that plaintiffs were trying to get a premature advisory opinion from the Court. The declaratory judgment statute was never designed to provide relief in such circumstances.
Reversed with directions that the complaint be dismissed.
LILES, C. J., and HOBSON, J., concur.

. This is the language of the complaint.

. Bayne did not appear or testify.