JOHNSON, Chief Judge.
The two cases here on consolidated appeal were tried and heard simultaneously in the Circuit Court of Leon County. Judge Hugh M. Taylor, presided.
The appellees, who were plaintiffs below, are ad valorem taxpayers in some of the counties comprising the Central and South Florida Flood Control District, and at the time of filing and trying of these cases in the lower court, the Comptroller and State Budget Commission were named defendants, but after the governmental reorganization of the State of Florida, the Department of Revenue was properly substituted for the Comptroller and Budget Commission as defendant and is now the appellant herein.
It is alleged in the complaints and amended complaints that pasture and grazing lands located in one county within said Flood Control District were assessed at a much greater assessed value than in an adjoining county of said District, although used for the same purpose and having about the same income value as pasture or grazing lands. A number of similar discrepancies were- alleged.
*685 At the trial, the various tax assessors were called by the plaintiffs below to testify as to the values of the pasture and grazing- lands within their respective counties and were questioned as to their methods of evaluation and whether or not they followed the manual promulgated by the State Comptroller pursuant to F.S. Section 192.31, F.S.A. This testimony showed a wide variety of methods of assessing and a difference of from $100 per acre to $2,000 and $2,500 per acre as between similar lands in different counties. Practically each of the assessors admitted they paid little or no attention to the manual mentioned supra.
The basic question in each of the two suits was the same; namely: whether or not the Department of Revenue (Comptroller) was performing or had performed its duties as outlined under Section 192.31, Florida Statutes, F.S.A., that is, had so exercised general supervision of the assessments and valuations of property within the affected counties to see to it that all property was placed on the tax rolls and that the valuations thereof were uniform and equal.
After hearing the testimony of the assessors and the various arguments of counsel for the respective parties, the trial court made a comprehensive finding of fact as to the great differences in assessed valuations as between different counties and in some instances such differences were so great as to shock the judicial conscience. The trial court also found that the Comptroller had failed to perform his duty under the statute (Section 192.31) in previous years and particularly 1968, and thereupon ordered the Comptroller to forthwith make an official determination of the reasonable range of values of grazing lands within the Central and South Florida Flood Control District within a definite time (45 days) and to institute proceedings to require the proper assessment of such lands, with mandatory instructions to prosecute proceedings in the proper court, if necessary, to get this done.
It is from this order (the same order was entered in each case) that this appeal is taken.
The appellants devote a considerable portion of their brief to the argument that the plaintiffs below had not carried the burden of proving what was a fair market or just value of said lands, and that the lower court should therefore have denied the plaintiffs’ prayer for relief and that this court should hold the lower court in error for not so doing.
It appears to us that this particular question is immaterial to the issues in these cases. The trial court very aptly answered this contention in its final decree when he said:
“The evidence before the Court does not establish, and it is not the function of this Court to determine, the value of specific parcels of land or the specific value of different classes of land within the district. The evidence before the Court does establish that the Comptroller in previous years, and particularly in 1968, did not perform his duty under the statute to exercise ‘general supervision of the assessment and valuation of property * * * so that all property will be placed on the tax rolls and the valuation thereof will be uniform and equal.’ ” (Emphasis supplied.)
The law of the case has been well outlined and settled in Burns v. Butscher, 187 So.2d 594 (Fla.1966) as to the rights and duties of the constitutional officers of tax assessors and of the Comptroller. The trial court properly declined to attempt to fix any valuation as being a question foreign to the issues involved, but having found the Comptroller in default of performing his duties under F.S. 192.31, F.S.A., the Court was correct in entering the judgment in said cases and the same are hereby affirmed.
Affirmed.
CARROLL, DONALD K., and RAWLS, JJ., concur.