PER CURIAM.
Appellant, David L. Reid, as Tax Assessor of Palm Beach County, Florida, ap *878 peals an order dismissing his complaint which sought a declaratory judgment.
The Tax Assessor alleged that he has the duty of assessing the value of land including agricultural pasture land and levying property taxes in the county of Palm Beach; that the Florida Department of Revenue, which has the statutory duty to exercise “general supervision of the assessment and valuation of property * * * so that all property will he placed on the tax rolls and the valuation thereof will be uniform and equal”, promulgated a resolution and issued instructions to the tax assessors of the counties making up the Central and South Florida Control District requiring all pasture lands be assessed within certain fixed dollar ranges. The Tax Assessor further alleged that he could not comply with the fixed dollar ranges of value because the maximum amounts are less than the assessments he feels should be made as to pasture lands in Palm Beach County.
This is the second appearance of the overall subject matter involved in this cause. Department of Revenue v. Bell, 227 So.2d 684 (Fla.App. 1st 1969). In Bell the trial judge reviewed two cases involving plaintiffs who were ad valorem taxpayers in some of the counties comprising the Central and South Florida Flood Control District (which District includes the county of Palm Beach). The taxpayers alleged that pasture and grazing lands located in one county within the District had been assessed at a much greater value than in an adjoining county within said Central and South Florida Flood Control District. The trial judge concluded that the Comptroller (predecessor to the Department of Revenue) had not performed the statutory duty requiring him to exercise “general supervision of the assessment and valuation of property”, and thereupon ordered the Comptroller to forthwith make a determination of the reasonable range of values of grazing lands within said District. On appeal, this Court affirmed the judgment of the trial court in every respect.
Thus, the Tax Assessor in his official capacity, by this suit for declaratory judgment, is basically attempting to question the instructions promulgated by the Department of Revenue issued pursuant to the judgment of the trial court and the mandate of this Court in Department of Revenue v. Bell.
The trial judge in his order granting motion to dismiss the complaint in the instant case stated:
“Plaintiff, as the Tax Assessor of Palm Beach County, seeks to question his duty to carry out a directive of the Department of Revenue ordering the assessment of pasture lands within specified limits of value.
“The primary position of the plaintiff is that he, as the County Tax Assessor, has the authority and power to determine the values of land in Palm Beach County; that his assessments are different from and not within the limits of the values fixed by the Department of Revenue, and that, while the Department of Revenue has power to promulgate standards of value, it is not empowered to assess land by fixing maximum dollar values.
“Plaintiff also contends that the directive of the Department of Revenue is invalid because it is discriminatory and applies only to counties within the Central and Southern Flood Control District.
“The directive in question was issued in pursuance of a judgment of this Court and has been accepted by this Court as a compliance with that judgment.
“The complaint in effect takes issue with this Court and with the directive of the Department of Revenue issued pursuant to the Court’s order.
“The defendants have moved to dismiss 'the complaint on the grounds that the plaintiff has not shown a right to the relief sought.
“Ordinarily a complaint seeking a declaratory judgment will not be dismissed for a lack of merit in the conten- *879 Rons of the plaintiff because, in most cases, a complainant is entitled to have a determination of his rights even though the determination be against his interest.
“But an essential of every complaint for declaratory relief is a right or need on the part of the complaining party to receive the declaration requested.
“Plaintiff has not come within this rule.
“As a public officer it is his duty to obey the law. As an executive officer it is his duty to respect the judicial determination of the law. The decision of this Court and the directive of the Department of Revenue are in no way unclear. Nor does the complaint allege any uncertainty as to their meaning. Plaintiff does not sue as an individual. He sues as Tax Assessor. As Tax Assessor he can have no interest adverse to the law as construed by the Court and applied by his superior executive officers. This is not a case in which a public officer handling public funds may become personally liable should he disburse such funds upon the purported authority of an invalid statute.”
We adopt the cited portions of the trial judge’s order.
Affirmed.
WIGGINTON, Acting C. J., and RAWLS and SPECTOR, JJ., concur.