257 So.2d 3 (1972)
David L. REID, Tax Assessor of Palm Beach County, Florida, Petitioner,
v.
Claude KIRK, Governor of Florida, et al., Respondents.
No. 41048.
Supreme Court of Florida.
January 5, 1972.
Lewis, Lewis & McClamma, Tallahassee, and John R. Beranek, of Jones, Paine & Foster, Vero Beach, for petitioner.
Robert L. Shevin, Atty. Gen., and Winifred L. Wentworth, Asst. Atty. Gen., for respondents.
CARLTON, Justice.
Petitioner Reid, Tax Assessor of Palm Beach County, Florida, filed a complaint in Circuit Court, Palm Beach County, against the Department of Revenue of Florida for determination of his duties and obligations under directives promulgated by the Department relating to the assessment of grazing land within the Central and South Florida Flood Control District. After a change of venue to Leon County, the Department's Motion to Dismiss the suit was granted; the District Court of Appeal, First District, affirmed through a decision reported at 245 So.2d 877 (1st D.C.A., Fla. 1971). It is our judgment that this decision creates conflict with Burns v. Butscher, 187 So.2d 594 (Fla. 1966), and should be quashed. See Article V, Section 4(2), Florida Constitution, F.S.A.
This cause arose as a consequence of events which began with the decision of the District Court of Appeal, First District, in Department of Revenue v. Bell, 227 So.2d 684 (1969). Bell was initiated when certain ad valorem taxpayers challenged grazing land assessments in some of the counties comprising the Central and South Florida Flood Control District. The basic issue raised was whether or not the Comptroller under the Department of Revenue was performing those duties specified by Fla. Stat. § 192.31 (1967), F.S.A.; namely, the duty to oversee assessment operations so as to insure that: (a) all property was placed on tax rolls; (b) all valuations thereof were uniform and equal. *4 The District Court affirmed a Leon County Circuit Court judgment that the Comptroller was in default and had not properly fulfilled the obligations assigned him by the statute.
Thereafter, the Department of Revenue, in conjunction with the Comptroller, adopted a range of grazing land assessments which were to apply to defined categories of land in the Flood Control District. The Tax Assessors in the counties affected were instructed to accept these rates, or explain why they would not be complied with in their respective jurisdictions. Assessor Reid responded that the ranges given were too low for Palm Beach County; he announced that he would file suit for a declaratory judgment to decide the issue if the rates he suggested were not acceptable to the Department.
The ranges suggested were not acceptable to the Department. After suit was filed, and venue changed, the Department moved to dismiss Reid's suit, contending that: (1) Reid had a clear, legal duty under Fla. Stat. § 195.021 (1969) (§ 192.31(1) in 1967) to follow the standard measures of value prescribed by the Department and approved by the Leon County Circuit Court as a result of the Bell decision; (2) Reid was estopped from controverting the range of values determined by the Department since it was composed of superior executive officers (the Governor and the Cabinet); (3) Reid had no substantial interest adversely affected by the enforcement of the questioned directive.
The Leon County Circuit Court granted the Department's motion to dismiss. The Court regarded the complaint as merely being a continuation of litigation already resolved through the Bell decision. It held that the oppugned directive was promulgated pursuant to the Circuit Court's own order, and that the Assessor could have no interest adverse to the law as construed by the Court and applied by superior executive officers. On appeal by Reid, the District Court of Appeal affirmed the Circuit Court's decision that the Assessor had no standing to decide that which had already been decided.
We find that the decisions rendered below are subject to challenge on two grounds. First, the Assessor is not challenging the validity of statutes applicable to him and, therefore, his standing is not controlled by the line of cases (e.g., City of Pensacola v. King, 47 So.2d 317 (Fla. 1950)) holding that a public officer must show a peril to his personal safety or interests before he can seek judicial review. Rather, we think he comes within the situation exemplified by Davis v. Gronemeyer, 251 So.2d 1 (Fla. 1971), wherein standing is allowed when a public official is willing to perform his duties, but is prevented from doing so by others.
Second, the decisions below overlook the statutory language applicable to this cause. Although its numbering has changed several times, the essence of the statute operative in Bell and the instant case has not changed: the Comptroller is to establish and promulgate standard measures of value which are to be followed and applied in arriving at the assessments of all property by Tax Assessors, but while these values are deemed and held to be measures of just valuation, an assessor can refuse to follow the standards, but only if he can overcome the presumption of validity by a preponderance of the evidence. Fla. Stat. § 192.31(1) (1967); Fla. Stat. § 195.021(1) (1969); Fla. Stat. § 195.032 (effective 1971). We recognized in Burns v. Butscher, supra, 187 So.2d at 595 that while the Comptroller's measures of value were declared to be prima facie evidence of just valuation, nonetheless, "Any assessor refusing to adhere to them assumes the burden of overcoming the presumption of their merit."
The courts below have erred in assuming that the Comptroller's measurements are irrefutable and not subject to challenge. Clearly an assessor is entitled by statute and case law to challenge the range of values he is instructed to use, although, *5 and this is also clear, he will not be successful unless he can meet the required burden of proof. When the Leon County Circuit Court accepted the range of values contained in the directive arising out of the Bell litigation, it merely accepted that which is prima facie evidence under the statute. This acceptance did not foreclose Reid from challenging these measures as they applied specifically to his county, nor did it foreclose him from seeking to meet his burden of proof in a judicial forum.
In announcing our judgment today, we seek only to reinstate the cause of action below; no opinion is expressed herein relating to any other issue raised in the complaint.
The decision of the District Court of Appeal is quashed, and this cause is remanded for further proceedings not inconsistent with this opinion.
It is so ordered.
ERVIN, Acting C.J., and ADKINS, BOYD and McCAIN, JJ., concur.