WALDEN, Judge.
The trial court correctly dismissed plaintiffs’ complaint for declaratory judgment because of its failure to allege facts reflecting a justiciable controversy. Miller v. Miller, Fla.App.1963, 151 So.2d 869; Hialeah Race Course, Inc. v. Gulfstream Park Racing Association, Inc., Fla.App.1968, 210 So.2d 750. However, the trial court went on in the appealed final judgment to opine:
“. . . [I]t being apparent that the antenuptial agreement has no effect upon the inheritance rights of MILDRED R. SNODGRASS, the widow, as sole heir at law of her husband. See: 151 So.2d 869 (2nd Dist.1963) and Knight’s Estate, In re, 22 So.2d 249 (Fla.1945) ...”
*106 “ORDERED AND ADJUDGED that MILDRED R. SNODGRASS, the widow of Robert R. Snodgrass, deceased, is the sole heir at law of said decedant (sic) and is entitled to inherit his estate as such, to the exclusion of the co-defendants who claim as the decedant’s (sic) cousins and second cousins;”
We hold that in the absence of a justiciable controversy the trial court was without authority to issue such gratuitous declaration of rights and law. Without a legal controversy as a predicate, the gravamen question becomes merely academic, moot or theoretical and the responsive opinion only advisory and without force or effect. Brautigam v. MacVicar, Fla.1954, 73 So.2d 863; Colby v. Colby, Fla.App.1960, 120 So.2d 797; and Miller v. Miller, supra.
Is the problem important or worthy of notice? We think so for two reasons. First, it is inconsistent and certainly anomalous as concerns the Rules and orderly procedure to say on the one hand that plaintiff’s complaint states no cause of action and dismiss it and the case, and on the other hand to respond to the very prayer of the complaint by issuing a formal declaration of rights on the merits. Second, we believe it amounts to a pernicious practice. A defendant is authorized under Rule 1.140 (b) (6), Fla.R.Civ.Proc., 30 F.S.A., to test the legal sufficiency of the plaintiff’s complaint. It is somehow intolerable for him to be successful with his motion and then observe the court at the same time issue a sua sponte declaratory judgment unfavorable to him without the case being at issue and before the defendant can frame or file his defenses, and cross and counter claims. He wins the battle and before he is ready or advised he finds he has lost the war.
The incongruity of the situation is further highlighted, even in this appeal, where the parties as one point challenge, and invite consideration of the merits of the trial court declaration — this when the complaint was dismissed because it didn’t state a cause of action.
We think it would indeed be better practice for a trial court to deny dismissal and bring the case to issue according to the Rules where it is felt that a declaratory opinion is deserved and where the predicates exist. In our adversary system this gives each side an opportunity to be advised and to prepare. On the other hand, if a jus-ticiable controversy does not exist, as here, we suggest that no opinion on the merits be issued.
Circumstances considered, the order of dismissal is affirmed without prejudice to the rights of the parties, or any of them, to again seek declaratory relief with reference to the antenuptial agreement and inheritance rights affected thereby when and if a justiciable controversy should surface. The declaratory language in the final judgment,
“it being apparent that the antenuptial agreement has no effect upon the inheritance rights of MILDRED R. SNOD-GRASS, the widow, as sole heir at law of her husband. See: 151 So.2d 869 (2nd Dist.1963) and 22 So.2d 249 (Fla.1945).”
“ORDERED AND ADJUDGED that MILDRED R. SNODGRASS, the widow of Robert R. Snodgrass, deceased, is the sole heir at law of said decedant (sic) and is entitled to inherit his estate as such, to the exclusion of the co-defendants who claim as the decedant’s (sic) cousins and second cousins;”
is reversed and should be stricken as sur-plusage by the trial court on remand.
Affirmed in part; reversed in part; and remanded with directions.
CROSS, J., and MUSZYNSKI, B. C., Associate Judge, concur.