QUESTION: May a property appraiser, convinced of the unconstitutionality of procedures required by a state statute, abstain from complying with the duties required by that statute?
SUMMARY: The property appraiser may not abstain from proceeding with his duties under s. 194.042, F.S., or any other statute until that act is declared unconstitutional by the courts or repealed by the Legislature. However, said appraiser under s.194.181(6), F.S., may have standing to seek a judicial determination of the matter. Your question is answered in the negative. Your basic concern appears to be that the implementation of the procedures of s. 194.042, F.S., which involves testing the value of property by today's market to prove a value assessed some 16 months ago, will, in some way, disrupt the uniformity of assessments previously levied on other taxpayers. Section 194.042, F.S., states in pertinent part: 194.042 Property owner may challenge assessment value; procedure. — (1) Whenever the owner of any real property . . . is dissatisfied with the latest value placed upon his property, he may challenge this assessment value in the following manner: * * * * * (b) . . . [T]he owner shall deliver to the tax assessor the following: 1. A certificate executed by the property owner, stating the amount he ascertains to be a just valuation of his property. . . . * * * * * (d) At the time and day specified, the tax assessor shall conduct a public auction and accept the highest cash offer bid for the property but the lowest acceptable bid shall be no less than the amount set forth in the certificate. . . . * * * * * (1) In the event that no bid is received at the auction, the amount set forth in the certificate shall be established as the just valuation of the property and shall be entered on the tax rolls of the county. . . . While your concern may have some foundation, the statutory remedy is of course available on a uniform basis to affected taxpayers, and your question must be answered in the negative for the following reasons: . . . [A] statute found on statute books must be presumed to be valid and must be given effect until it is judicially declared unconstitutional. . . . (Emphasis supplied.) [Evans v. Hillsborough County, 186 So. 193, 196 (Fla. 1938) reh. den. (Fla. 1938).] . . . A legislative act is to be recognized and enforced as a valid act so long as no opinion and judgment holding it unconstitutional has been concurred in by a majority of the members of the Supreme Court sitting en banc in the hearing of the cause. [(See) 6 Fla. Jur. Constitutional Law s. 45, citing Croissant v. Harris, 163 So. 470 (Fla. 1935).] Although s. 193.271, F.S. 1967, the predecessor of s. 194.042, F.S., was declared unconstitutional by the Circuit Court of Dade County, the appeal of this case did not reach the merits, so the Supreme Court did not rule on the constitutional issue. See Dickinson v. Segal,219 So.2d 435 (Fla. 1969) reh. den. (Fla. 1969). In the absence of a final appellate ruling on the constitutional issue, the statute must in my opinion be presumed valid in your county and must be complied with. The fact that you must proceed with your duties under s. 194.042, F.S., until that act is declared unconstitutional by the courts or repealed by the Legislature does not prevent your seeking a judicial declaration of the validity or invalidity of the statute. Section 194.181(6), F.S., states: In any suit in which the validity of any statute or regulation found in, or issued pursuant to, chapters 192 through 197, inclusive, is contested, the public officer affected may be a party plaintiff. See also Reid v. Kirk, 257 So.2d 3 (Fla. 1972).