356 So.2d 899 (1978)
SUMTER COUNTY, Florida, Appellant,
v.
H.E. DAVIS, Appellee.
No. 77-1408.
District Court of Appeal of Florida, Second District.
March 22, 1978.
Randall N. Thornton, Lake Panasoffkee, and Julian E. Harrison, Bushnell, for appellant.
No appearance for appellee.
OTT, Judge.
In this appeal the appellant complains of an order of the trial court denying its motion to dismiss the appellee's complaint. We agree and therefore reverse.
The plaintiff/appellee filed a complaint for declaratory relief. After the necessary *900 party identifications and jurisdictional allegations, the complaint charged that the appellant (Sumter County) had unlawfully enacted two zoning ordinances which were not in compliance with certain statutory formalities prescribed in Chapter 163, Florida Statutes (1976).
The only fact alleged in the complaint concerning the status of the appellee was that he "is the owner of certain real property located in the unincorporated area of Sumter County." There is no suggestion anywhere in the complaint that any right of the appellee has been invaded or affected by the ordinance. The complaint is therefore lacking in an essential requirement for standing to secure declaratory relief, namely, "a right or need on the part of the complaining party to receive the declaration requested." Reid v. Kirk, 245 So.2d 877, 879 (Fla.1st DCA 1971). See McNevin v. Baker, 170 So.2d 66 (Fla.2d DCA 1964).
In Florida State Board of Dispensing Opticians v. Bayne, 204 So.2d 34, 37 (Fla.2d DCA 1967) the court held:
In an action for declaratory relief, the complaining party must demonstrate that it has a judicially cognizable, bona fide, and direct interest in the result sought by the action.
In addition, the dispute must be justiciable in the sense that it be based upon some definite assertion of right. 9A Fla.Jur., Declaratory Actions § 13 (1972). In Smith v. City of Pinellas Park, 336 So.2d 1255 (Fla.2d DCA 1976) the court held that plaintiffs had no standing to seek a declaratory judgment attacking the validity of an ordinance where no justiciable controversy existed. The court held that plaintiffs/appellants "have no real, immediate legal interest in such a declaration nor a present bona fide practical need therefor." 336 So.2d at 1256. Cf., Williams v. Howard, 329 So.2d 277 (Fla. 1976).
Judge Pierce, writing for the majority in Bayne, held:
The test of the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining such a declaratory decree of rights in accordance with his theory, but whether he is entitled to a declaration of rights at all. 204 So.2d at 36.
Having failed to meet one of the essential requirements of standing to seek or secure declaratory relief the motion to dismiss the complaint should have been granted. The order of the trial court denying the motion to dismiss is therefore reversed and the cause remanded for further proceedings consistent herewith.
GRIMES, Acting C.J., and SCHEB, J., concur.